ALAN NISSELSON, Respondent, v DAVID STEPHENS, Appellant. [701 NYS2d 636] —In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Patterson, J.), dated January 25, 1999, which denied his motion for leave to amend his answer, and upon amendment of the answer, for summary judgment dismissing the complaint based on lack of capacity to sue, and granted the plaintiff's motion to amend the caption by substituting his trustee in bankruptcy as plaintiff, *nunc pro tunc*.

Ordered that the order is affirmed, with costs.

More than 16 months after a jury verdict in this medical malpractice action in favor of the plaintiff and against the defendant, the defendant moved for leave to amend his answer to allege that the plaintiff lacked the capacity to sue and, upon amendment of the answer, for summary judgment dismissing the complaint. The defendant argued that the plaintiff's failure to have scheduled the malpractice action as an asset in a chapter 7 bankruptcy proceeding filed after the action had accrued rendered the plaintiff without capacity to sue (*see, Pinto v Ancona,* 262 AD2d 472; *Hansen v Madani,* 263 AD2d 881; *Weitz v Lewin,* 251 AD2d 402; *Matter of First Montauk Sec.*

*Corp. v Chiulli,* 245 AD2d 507; *Matter of C & M Plastics [Collins],* 168 AD2d 160). However, by waiting until more than 16 months after the trial had ended, and after his motion for judgment notwithstanding the verdict was denied, the defendant, who admitted in papers in support of his motion to amend that he was aware of the plaintiff's bankruptcy proceeding before the trial, must be deemed to have waived such a defense (*see, City of New York v State of New York,* 86 NY2d 286; *Strokes Elec. & Plumbing v Dye,* 240 AD2d 919; *Harte v Richmond County Sav. Bank,* 224 AD2d 585).

The defendant's remaining contention is without merit. Ritter, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.