■ AZHANE WISE et al., Respondents, v CYRUS O. McCALLA, Appellant, et al., Defendants. [805 NYS2d 658]—

In an action to recover damages for medical malpractice, the defendant Cyrus O. McCalla appeals from (1) an order of the Supreme Court, Kings County (Levine, J.), dated April 24, 2003, which, inter alia, denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him, and (2) a judgment of the same court dated July 1, 2003, which, upon a jury verdict, is in favor of the plaintiffs and against him.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Approximately one week before her due date, the plaintiff Sha-Keema Wise was admitted to the State University of New

York Downstate Medical Center with complaints of abdominal pain. She was examined and treated by two residents and the on-call attending obstetrician, the defendant Cyrus O. McCalla. The infant plaintiff, Azhane Wise, was subsequently delivered by Cesarean section. However, due to placental abruption, she suffers from cerebral palsy and is a quadriplegic.

The plaintiffs thereafter commenced an action against the hospital and its employees in the Court of Claims as well as this action in the Supreme Court against, among others, McCalla and the clinic with which he is associated, the defendant Downstate Obstetricians & Gynecologists, P.C. (hereinafter Downstate Obstetricians), alleging, inter alia, a failure to diagnose and treat placental abruption.

On November 5, 1999, after investigating the claim, McCalla's professional liability insurer, Academic Health Professionals Insurance Association (hereinafter Academic), concluded that "[t]he alleged acts and/or omissions occurred within the scope of our insured's clinical practice" and assumed his defense. The verified answer dated December 10, 1999, interposed on McCalla's behalf therefore denied, inter alia, that he was acting within the scope of his employment with the hospital. The Court of Claims action subsequently settled, on the eve of the trial of the Supreme Court action, for the sum of $6,000,000.

During the trial, McCalla testified, contrary to Academic's concession of coverage, that Ms. Wise was a "staff patient" whom he treated as part of his duties as a hospital employee rather than as a private physician. The Supreme Court subsequently granted a motion by Downstate Obstetricians to dismiss the action insofar as asserted against it and the jury returned a verdict in favor of the plaintiffs and against McCalla. Before the entry of judgment, McCalla moved for summary judgment dismissing the complaint insofar as asserted against him, alleging that, as a State employee, the stipulation of settlement and release effectuated in the Court of Claims action precluded recovery against him. The Supreme Court denied the motion and judgment was entered on July 3, 2003, in favor of the plaintiffs and against him.

Contrary to McCalla's contention, the Supreme Court correctly denied his motion for summary judgment. The record plainly demonstrates that the parties to the Court of Claims action did not intend that the stipulation and release include him as a State employee. Moreover, extrinsic evidence may be utilized to resolve any alleged ambiguity (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc.*, 10 AD3d 699 [2004]). Academic's

assumption of McCalla's defense, the affirmative denial in his answer that he treated Wise in the scope of his employment with the hospital, and the March 5, 1999, affirmation of the Assistant Attorney General who negotiated the settlement, confirm that it did not apply to him. While the law does not demand that a release specifically name or identify each discharged party (*see Wells v Shearson Lehman/American Express,* 72 NY2d 11, 22 [1988]), it "may not be read to cover matters which the parties did not desire or intend to dispose" (*Cahill v Regan,* 5 NY2d 292, 299 [1959]; *see Hughes v Long Is. Univ.,* 305 AD2d 462 [2003]).

In any event, "[i]f an insurer assumes the defense of an action and controls its defense on behalf of an insured with knowledge of facts constituting a defense to the coverage of the policy without reserving its right to deny coverage, the insurer is estopped from denying coverage at a later time, even if mistaken on the requirement of coverage" (*Utica Mut. Ins. Co. v 215 W. 91st St. Corp.,* 283 AD2d 421, 422-423 [2001]; *Albert J. Schiff Assoc. v Flack,* 51 NY2d 692, 699 [1980]; *Brooklyn Hosp. Ctr. v Centennial Ins. Co.,* 258 AD2d 491, 491-492 [1999]). Alternatively, if McCalla was acting in his capacity as a State employee, he waived the defense of release by not moving until after the trial had ended and his motion for judgment pursuant to CPLR 4404 had been denied (*see* CPLR 3211 [a] [5]; *Nisselson v Stephens,* 268 AD2d 463 [2000]).

Contrary to McCalla's contention, he was not entitled to a setoff for the release in the Court of Claims action in the amount of the future value of the $6,000,000 settlement, but rather, he was only entitled to a setoff in the amount of the present value of the settlement (*see* General Obligations Law § 15-108; *Kwasny v Feinberg,* 157 AD2d 396 [1990]; *In re Joint S. & E. Dist. Asbestos Litig.,* 760 F Supp 33 [1991]). We note that the appellant raised no issue regarding excessiveness of the damages (*see* CPLR 5501 [c]; *Matter of Smith,* 91 AD2d 789, 790 [1982]; *Lamphear v State of New York,* 91 AD2d 791 [1982]; *see also McPheeters v McPheeters,* 284 AD2d 968, 969 [2001]; *Richbell Info. Servs. v Jupiter Partners,* 309 AD2d 288, 308 [2003]).

McCalla's remaining contentions are without merit. Florio, J.P., Adams, Cozier and Mastro, JJ., concur.