■ Zichron Acheinu Levy, Inc., Respondent, v Lillian Ilowitz et al., Defendants, and United States Life Insurance Company in the City of New York, Appellant. [820 NYS2d 601]—

In an action to recover life insurance premium payments, the defendant United States Life Insurance Company in the City of New York appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated July 13, 2005, which denied its motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the amended complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

"The meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given . . . A release may not be read to cover matters which the parties did not desire or intend to dispose of" (*Ofman v Campos,* 12 AD3d 581, 581 [2004], quoting *Lefrak SBN Assoc. v Kennedy Galleries,* 203 AD2d 256, 557 [1994]; *see Cahill v Regan,* 5 NY2d 292, 299 [1959]; *Wise v McCalla,* 24 AD3d 435, 437 [2005]; *Hughes v Long Is. Univ.,* 305 AD2d 462 [2003]). Contrary to the appellant's contention, the Supreme Court correctly concluded that the release executed by the plaintiff, which was specifically limited to the plaintiff's claim with respect to policy number UY002344NL, was not intended to preclude this action, which concerns policy number UH007884NL. Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.