■ In the Matter of JANET M. BROWN, Also Known as JANET M. BURSTEIN, Deceased. SIMONE LEVITT, Respondent, v ELAINE EDELSTEIN, as Administratrix of the Estate of JANET M. BROWN, Also Known as JANET M. BURSTEIN, Appellant. [885 NYS2d 222]—

In a proceeding pursuant to SCPA 2105 to compel the return of certain personal property and to recover damages for breach of contract, Elaine Edelstein, as administratrix of the estate of Janet M. Brown, also known as Janet M. Burstein, appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Nassau County (Riordan, S.), dated September 30, 2008, as denied that branch of her cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the petition as barred by a general release.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the estate.

"The meaning and scope of a release must be determined within the context of the controversy being settled" (*Matter of Schaefer,* 18 NY2d 314, 317 [1966]; *Zichron Acheinu Levy, Inc. v Ilowitz,* 31 AD3d 756 [2006]), and a general release cannot be construed "to cover matters which the parties did not desire or intend to dispose of" (*Cahill v Regan,* 5 NY2d 292, 299 [1959]; *Rotondi v Drewes,* 31 AD3d 734, 735-736 [2006]). Contrary to

the appellant's contention, the petitioner raised factual issues regarding the scope of the subject release based on the context and circumstances of its execution (*see generally Mangini v McClurg,* 24 NY2d 556, 563 [1969]; *Lefrak SBN Assoc. v Kennedy Galleries,* 203 AD2d 256, 257 [1994]; *Perritano v Town of Mamaroneck,* 126 AD2d 623, 624 [1987]). Accordingly, given the paucity of evidence in the record relating to this pre-answer motion, it cannot definitively be determined at this juncture whether the release was intended to cover the present claims of the petitioner (*see e.g. Rimberg & Assoc., P.C. v Jamaica Chamber of Commerce, Inc.,* 40 AD3d 1066, 1067 [2007]), and that branch of the appellant's cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the petition as barred by a general release was properly denied (*see e.g. Ofman v Campos,* 12 AD3d 581 [2004]). Mastro, J.P., Santucci, Eng and Lott, JJ., concur.