■ JESSE BALDWIN, Appellant, v CRISTINO MATEOGARCIA et al., Respondents, et al., Defendant. (And a Related Action.) [886 NYS2d 618]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered June 1, 2009, as granted that branch of the motion of the defendants Cristino Mateogarcia and Superior Laundry Services, LLC, which was for leave to renew their opposition to the plaintiff's prior motion for leave to enter a default judgment against them, which had been granted in a decision and order of this Court dated December 9, 2008 (*see Baldwin v Mateogarcia,* 57 AD3d 594 [2008]), and, upon renewal, denied his motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the respondents' motion for leave to renew is denied.

A motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior de-

termination," and the movant must state a "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e]; *see Yarde v New York City Tr. Auth.*, 4 AD3d 352 [2004]; *Riccio v Deperalta*, 274 AD2d 384 [2000]). In this case, which arises out of an automobile accident, the respondents' newly discovered evidence consisted of an affidavit of the defendant driver Cristino Mateogarcia who allegedly could not be located sooner. However, Mateogarcia's purported unavailability cannot serve as a "reasonable justification" for the respondents' failure to present an affidavit of merit at the time the plaintiff originally moved for leave to enter a default judgment against them in light of the respondents' lack of due diligence in obtaining the affidavit. Accordingly, the Supreme Court should not have granted leave to renew. Skelos, J.P., Covello, Santucci, Chambers and Austin, JJ., concur.