■ Uzma Huma et al., Respondents, v Bharat K. Patel et al., Defendants, and Salahuddin Ahmad, Appellant. [890 NYS2d 639]—

The Supreme Court providently exercised its discretion in denying the appellant's motion, in effect, for leave to renew his opposition to a prior motion of the plaintiffs Uzma Huma and Faiza Berlas for summary judgment on the complaint. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). Although a court has the discretion to grant renewal upon facts known to the movant at the time of the original motion (*see Ramirez v Khan,* 60 AD3d 748 [2009]; *Matter of Progressive Northeastern Ins. Co. v Frenkel,* 8 AD3d 390, 391 [2004]; *Hasmath v Cameb,* 5 AD3d 438, 439 [2004]; *Bloom v Primus Automotive Fin. Servs.,* 292 AD2d 410 [2002]), a motion for leave to renew "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Renna v Gullo,* 19 AD3d 472, 473 [2005] [internal quotation marks omitted]; *see Ramirez v Khan,* 60 AD3d at 748; *Sobin v Tylutki,* 59 AD3d 701, 702 [2009]; *Lardo v Rivlab Transp. Corp.,* 46 AD3d 759 [2007]; *Worrell v Parkway Estates, LLC,* 43 AD3d 436, 437 [2007]).

Here, the new evidence offered in support of the appellant's motion, in effect, for leave to renew consisted of copies of general releases executed by the plaintiffs Mohammed U. Farooq and Mozzam Berlas in settlement of a prior action, which allegedly extinguished the debt underlying the two promissory notes which are the subject of this action. However, the appellant was aware of the existence of these releases at the time the summary judgment motion was made, and failed to demonstrate that he could not have obtained copies of the releases in time to oppose summary judgment with the exercise of due diligence. In any event, the appellant failed to demonstrate that the existence of the releases warranted a change in the prior determination awarding summary judgment to the plaintiffs Uzma Huma and Faiza Berlas, who are the payees on the subject promissory notes. "The meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given" (*Lefrak SBN Assoc. v Kennedy Galleries,* 203 AD2d 256 [1994]; *see Cahill v Regan,* 5 NY2d 292, 299 [1959]; *Matter of Brown,* 65 AD3d 1140 [2009]; *Zichron Acheinu Levy, Inc. v Ilowitz,* 31 AD3d 756 [2006]), and a general release may not be read to cover matters which the parties did not desire or intend to dispose of (*see Matter of*

*Schaefer,* 18 NY2d 314, 317 [1966]; *Cahill v Regan,* 5 NY2d at 299; *Spears v Spears Fence, Inc.,* 60 AD3d 752, 753 [2009]; *Rotondi v Drewes,* 31 AD3d 734, 735-736 [2006]). Although the appellant predicated his motion for leave to renew upon the releases executed by the plaintiffs Mohammed U. Farooq and Mozzam Berlas in settlement of a prior action, the record does not disclose the nature of the prior action, and the appellant failed to offer sufficient evidentiary proof to raise a triable issue of fact as to whether the releases were intended to extinguish the debt underlying the subject promissory notes. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.