■ In the Matter of JOLIETH NELSON, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [901 NYS2d 329]—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from an order of the Supreme Court, Kings County (Rucheslman, J.), dated March 3, 2009, which denied her motion for leave to renew her motion, in effect, to extend, nunc pro tunc, her time to serve the petition, which had been determined in an order of the same court dated September 26, 2006.

Ordered that the order dated March 3, 2009, is affirmed, with costs.

A motion for leave to renew must be (1) based upon new facts not offered on the prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e] [2], [3]; *Novosiadlyi v James*, 70 AD3d 793, 794 [2010]; *Baldwin v Mateogarcia*, 66 AD3d 806, 806-807 [2009]). Here, the new facts submitted by the petitioner did not warrant a change in the Supreme Court's original determination, and the

petitioner did not offer a reasonable justification for her failure to present those facts when she made her initial motion. Accordingly, the Supreme Court properly denied the petitioner's motion for leave to renew (*see generally Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc.*, 71 AD3d 628 [2010]; *Matter of Korman v Bellmore Pub. Schools*, 62 AD3d 882, 884 [2009]).

The petitioner's remaining contentions either refer to matter dehors the record or are otherwise not properly before us on this appeal. Rivera, J.P., Fisher, Florio and Austin, JJ., concur.