■ SCHENECTADY STEEL CO., INC., Respondent, v MEYER CONTRACTING CORP. et al., Appellants. [903 NYS2d 58]—

In an action to recover damages for breach of contract, the defendants appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated March 3, 2009, as denied that branch of their motion which was for leave to renew their opposition to that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as sought to recover damages in an amount that they allege represents the costs of completion of a construction project incurred by the defendant Meyer Contracting Corp. after June 21, 2002, which had been determined in an order of the same court dated October 30, 2008, and (2) an order and judgment (one paper) of the same court dated April 14, 2009, which, upon the orders, inter alia, is in favor of the plaintiff and against them in the total sum of $79,063.36. The notice of appeal from the order dated March 3, 2009, is deemed also to be a notice of appeal from the order and judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order dated March 3, 2009, is dismissed; and it is further,

Ordered that the order and judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the defendants' motion which was for leave to renew their opposition to that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as sought to recover damages in an amount that the defendants allege represents the costs of completion of the subject construction project incurred by the defendant Meyer Contracting Corp. after June 21, 2002, is granted, upon renewal, the determination in the order dated October 30, 2008, granting that branch of the plaintiff's motion is vacated and that branch of the plaintiff's motion is denied, and the orders dated October 30, 2008, and March 3, 2009, are modified accordingly.

The appeal from the intermediate order dated March 3, 2009, must be dismissed because the right of appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment (*see* CPLR 5501 [a] [1]).

A motion for leave to renew must be supported by new or additional facts "not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Barnett v Smith*, 64 AD3d 669 [2009]; *Chernysheva v Pinchuck*, 57 AD3d 936 [2008]; *Dinten-Quiros v Brown*, 49 AD3d 588 [2008]; *Madison v Tahir*, 45 AD3d 744 [2007]).

In the instant dispute, the plaintiff and the defendant Meyer Contracting Corp. (hereinafter Meyer) entered into a contract on December 12, 2001, pursuant to which the plaintiff, as subcontractor, agreed to provide Meyer, as contractor, with steel and steel erection services in connection with a school construction project. The contract recited that, if the plaintiff failed "in the performance of any of the covenants" it was obligated to perform under the contract, Meyer could, at its option, "at any time after serving written notice of such default with direction to cure in a specific period, such period not to be less than three (3) working days," compete the work itself upon the plaintiff's failure to cure its default. Contrary to the plaintiff's contentions, the defendants proffered a reasonable justification for failing to submit evidence that it provide the required three-day written notice to cure with their original papers.

While the notice and follow-up letters were available to the defendants at the time that the plaintiff's summary judgment motion was made, the issue of Meyer's failure to provide the plaintiff with three days written notice of default was not raised by the plaintiff until it submitted its reply papers. Moreover, the Supreme Court denied the motion for summary judgment, "without prejudice to renewal upon proof of the requisite notice." The rule requiring a reasonable justification for the failure to submit relevant evidence on an initial motion is a flexible one, and whether that evidence was available to a party is only one factor which may be considered. The motion court may, in its discretion, grant renewal upon facts known to the movant at the time of the initial motion or petition if the movant offers a reasonable excuse for the failure to present those facts on the initial motion or petition (*see Lawman v Gap, Inc.*, 38 AD3d 852 [2007]; *Lafferty v Eklecco, LLC*, 34 AD3d 754 [2006]). Here, the Supreme Court initially granted the plaintiff's motion for summary judgment on the complaint without prejudice to the defendants' right to seek to renew their opposition, and the defendants, on their motion for leave to renew, offered a reasonable excuse for not including the three-day notice to cure with their original opposition papers, namely, that the issue was first raised

by the plaintiff in its reply papers submitted on the initial motion for summary judgment.

By submitting the three-day notice to cure in connection with their motion for leave to renew, the defendants raised a triable issue of fact as to whether they were entitled to deduct, from the amount owed to the plaintiff under the contract, the sum of $33,616, which the defendants allege represents the costs incurred by Meyer after June 21, 2002, for the completion of the construction project. Since there is a triable issue of fact as to whether this sum may be deducted, an award of summary judgment in favor of the plaintiff is precluded and, thus, the new facts submitted on the defendants' motion for leave to renew "would change the prior determination" (CPLR 2221 [e] [2]).

Thus, the Supreme Court improvidently exercised its discretion in failing to grant that branch of the defendants' motion which was for leave to renew and, upon renewal, in denying summary judgment to the defendants in connection with the alleged completion costs. Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.