■ JOANNE CORNELL MAY, Respondent, v CRAIG MAY, Appellant. [911 NYS2d 94]—In an action, inter alia, to recover possession of certain real property, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated April 20, 2009, as denied that branch of his motion which was for leave to renew that branch of his prior motion which was for summary judgment on his fourth counterclaim, which had been denied in an order of the same court dated December 9, 2008, and his opposition to the plaintiff's cross motion for summary judgment on the first, second, third, and fourth causes of action, which had been granted in the order dated December 9, 2008.

Ordered that the order dated April 20, 2009, is affirmed insofar as appealed from, with costs.

Pursuant to CPLR 2221 (e), a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). Although a court has the discretion to grant renewal upon facts known to the movant at the time of the original motion (see Schenectady Steel Co., Inc. v Meyer Contr. Corp., 73 AD3d 1013, 1015 [2010]; Huma v Patel, 68 AD3d 821, 822 [2009]; Lawman v Gap, Inc., 38 AD3d 852 [2007]; Gadson v New York City Hous. Auth., 263 Ad2d 464 [1999]), "a motion for leave to renew 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (Renna v Gullo 19 AD3d 472, 473 [2005], quoting Rubinstein v Goldman, 225 AD2d 328, 329 [1996]; see Coccia v Liotti, 70 AD3d 747, 752-753 [2010]; Huma v Patel, 68 AD3d at 822). Here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for leave to renew since the defendant failed to offer a reasonable justification as to why he did not submit the subject documents in support of his initial motion and in opposition to the plaintiff's cross motion (see CPLR 2221 [e] [3]; Huma v Patel, 68 AD3d at 822; Zarecki & Assoc., LLC v Ross, 50 AD3d 679 [2008]; American Audio Serv. Bur. Inc. v AT & T Corp., 33 AD3d 473, 476 [2006]).

In light of our determination, we do not reach the defendant's remaining contentions. Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.