■ EILEEN DERVISEVIC, Respondent, v EDIN DERVISEVIC, Appellant. [932 NYS2d 347]—

The appeal from the order entered June 4, 2010, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Although this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense (*see Ogazi v Ogazi*, 46 AD3d 646 [2007]; *Atwater v Mace*, 39 AD3d 573, 574 [2007]; *Faltings v Faltings*, 35 AD3d 350 [2006]). Here, the defendant failed to submit any competent evidence that his default was excusable. Contrary to the defendant's contentions, the plaintiff properly served the defendant personally with a summons and notice, which had written upon its face that it was an "Action for a divorce," and which specified the nature of the ancillary relief demanded (*see* Domestic Relations Law §§ 211, 232 [a]). Having been properly served, the defendant was required to make an appearance.

The Supreme Court properly denied that branch of the defendant's motion which was for leave to renew his motion to vacate his default. "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Elder v Elder*, 21 AD3d 1055, 1055 [2005]; *see Matter of Allstate Ins. Co. v Liberty Mut. Ins.*, 58 AD3d 727 [2009]). A motion for leave to renew must be based upon new facts, not offered on the original application, "that would change the prior determination" (CPLR 2221 [e] [2]; *see Matter of Korman v Bellmore Pub. Schools*, 62 AD3d 882, 884 [2009]). The new or additional facts must have either not been known to the party seeking renewal (*see Matter of Shapiro v State of New York*, 259 AD2d 753 [1999]) or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion (*see Cole-Hatchard v Grand Union*, 270 AD2d 447 [2000]). However, in either instance, a "reasonable justification" for the failure to present such facts on the original motion must be presented

(CPLR 2221 [e] [3]; *see Matter of Korman v Bellmore Pub. Schools*, 62 AD3d at 884). What constitutes a "reasonable justification" is within the Supreme Court's discretion (*Heaven v McGowan*, 40 AD3d 583, 586 [2007]). Here, the Supreme Court did not improvidently exercise its discretion in denying leave to renew. The "new evidence" offered by the defendant consisted of information which the defendant knew existed at the time of his motion to vacate, and he failed to set forth a reasonable justification as to why he failed to submit this information in the first instance (*see generally May v May*, 78 AD3d 667 [2010]; *Huma v Patel*, 68 AD3d 821, 822 [2009]).

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.