■ LYNN ESKENAZI et al., Respondents, v ROBERT E. MACKOUL et al., Appellants. [939 NYS2d 484]—

Pursuant to CPLR 2221 (e), a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). Although a court has the discretion to grant renewal upon facts known to the movant at the time of the initial motion, the movant must offer a reasonable justification for the failure to present those facts on the initial motion (*see May v May*, 78 AD3d 667 [2010]; *Schenectady Steel Co., Inc. v Meyer Contr. Corp.*, 73 AD3d 1013

[2010]; *Lawman v Gap, Inc.*, 38 AD3d 852 [2007]; *Lafferty v Eklecco, LLC*, 34 AD3d 754, 754-755 [2006]). "[A] motion for leave to renew 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Renna v Gullo*, 19 AD3d 472, 473 [2005], quoting *Rubinstein v Goldman*, 225 AD2d 328, 329 [1996]; *see Coccia v Liotti*, 70 AD3d 747, 753 [2010]; *Huma v Patel*, 68 AD3d 821, 822 [2009]).

Here, the Supreme Court providently exercised its discretion in denying the motion for leave to renew, since the defendants failed to set forth a reasonable justification as to why they did not depose certain individuals or investigate the underground petroleum storage tank on the plaintiffs' property prior to their initial motion (*see Ferdico v Zweig*, 82 AD3d 1151 [2011]; *Huma v Patel*, 68 AD3d 821 [2009]; *Baldwin v Mateogarcia*, 66 AD3d 806 [2009]; *cf. Gonzalez v Vigo Constr. Corp.*, 69 AD3d 565 [2010]). In any event, the defendants failed to demonstrate that the new facts would change the Supreme Court's prior determination denying their motion to compel further discovery after the filing of the note of issue (*see* CPLR 2221 [e] [2]). The existence of the underground petroleum storage tank on the plaintiffs' property was made known to the defendants in January of 2008, prior to the close of discovery. The defendants' lack of diligence in investigating the tank does not constitute an "unusual or unanticipated circumstance[ ] develop[ing] subsequent to the filing of [the] note of issue" which would warrant further discovery (22 NYCRR 202.21 [d]; *see Tirado v Miller*, 75 AD3d 153, 161 [2010]; *Silverberg v Guzman*, 61 AD3d 955, 956 [2009]; *Marks v Morrison*, 275 AD2d 1027 [2000]; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 140 [2000]). Mastro, A.P.J., Dillon, Sgroi and Miller, JJ., concur.