■ Susan Stassa, Respondent, v George Stassa, Appellant.
[944 NYS2d 884]—

In an action to recover damages for breach of a stipulation of settlement, the terms of which were neither incorporated nor merged into a judgment of divorce entered September 16, 1983, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Neary, J.), entered April 5, 2011, as denied that branch of his cross motion which was for leave to renew that branch of his prior motion which was to dismiss the complaint on the ground of waiver, which had been denied in an order of the same court entered November 17, 2009.

Ordered that the order entered April 5, 2011, is affirmed insofar as appealed from, with costs.

"Pursuant to CPLR 2221 (e), a motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion' " (*Eskenazi v Mackoul*, 92 AD3d 828, 828 [2012], quoting CPLR 2221 [e] [2], [3]).

Here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's cross motion which was for leave to renew that branch of his prior motion which was to dismiss the complaint on the ground of waiver. The defendant contends that the plaintiff's answers to his interrogatories dated May 11, 2010, constituted newly discovered evidence, as they were inconsistent with statements she made in her

submissions to the Supreme Court in opposition to his prior motion. He further argues that the plaintiff's answers to his interrogatories demonstrated that the plaintiff waived her right to seek maintenance cost-of-living adjustments as provided in the parties' 1983 stipulation of settlement. Contrary to the defendant's contentions, he failed to demonstrate that the plaintiff's answers to the interrogatories would change the Supreme Court's prior determination denying that branch of his motion which was to dismiss the complaint on the ground that the plaintiff waived her right to the cost-of-living adjustments. The Supreme Court correctly determined that the alleged inconsistencies presented, at best, an issue to be resolved at trial.

The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination. Skelos, J.P., Dillon, Eng and Austin, JJ., concur.

Motion by the appellant on an appeal from an order of the Supreme Court, Westchester County, entered April 5, 2011, to stay the trial in the action pending hearing and determination of the appeal, and to strike Point I of the respondent's brief on the ground that it improperly raises an issue for the first time on appeal. By decision and order on motion of this Court dated March 1, 2012, that branch of the motion which is to strike Point I of the respondent's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument thereof, it is

Ordered that the branch of the motion which is to strike Point I of the respondent's brief is denied. Skelos, J.P., Dillon, Eng and Austin, JJ., concur.