OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the order entered June 28, 2010 is dismissed, as the right of direct appeal therefrom terminated with the entry of the final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]); and it is further, ordered that the appeal from the final judgment is dismissed except insofar as it brings up for review so much of the order entered June 28, 2010 as denied as moot tenants’ cross motion to dismiss the petition; and it is further, ordered that the final judgment, insofar as reviewed, and the order entered January 18, 2012, insofar as appealed from, are affirmed, without costs.
*72 In this commercial nonpayment summary proceeding, by order entered June 28, 2010, the Civil Court granted an unopposed motion by landlord to strike tenants’ answer and to award landlord a final judgment pursuant to RPAPL 745 (2) (c) (i), and denied, as moot, a pending motion by landlord for summary judgment and a pending cross motion by tenants to dismiss the petition on the ground, among others, of lack of personal jurisdiction. A final judgment awarding landlord possession and the principal sum of $33,200, the sum demanded in the petition, was entered on June 28, 2010 pursuant to the order. Tenants thereafter moved to vacate the final judgment based on a lack of personal jurisdiction (see CPLR 5015 [a] [4]), and landlord cross-moved for sanctions. Insofar as is relevant to this appeal, the court, applying CPLR 5015 (a) (1), denied tenants’ motion, finding that tenants had failed to set forth a reasonable excuse for their default in opposing landlord’s RPAPL 745 (2) (c) (i) motion.
While no appeal lies from an order or judgment made upon the default of the appealing party (see CPLR 5511), and while tenant submitted no opposition to landlord’s RPAPL 745 (2) (c) (i) motion, the appeal from the final judgment brings up for review so much of the Civil Court’s June 28, 2010 order as denied as moot tenants’ cross motion to dismiss the petition for lack of personal jurisdiction, since this is a matter that was “the subject of contest” before the Civil Court (see James v Powell, 19 NY2d 249, 256 n 3 [1967]; HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061 [2011]; Deruisevic v Dervisevic, 89 AD3d 785 [2011]).
Tenants’ cross motion to dismiss the petition and their motion to vacate the final judgment for lack of personal jurisdiction were properly denied. While tenants had raised personal jurisdiction as an affirmative defense in their answer, and subsequently served and filed the cross motion to dismiss the petition for lack of personal jurisdiction, under the circumstances presented, we find that this affirmative defense was no longer available to them.
Tenants served and filed an answer on March 11, 2010, alleging, among other things, that the Civil Court lacked personal jurisdiction over them. On March 18, 2010, the parties appeared in court and stipulated to adjourn the proceeding to April 8, 2010, with the adjournment chargeable to tenants. Apparently anticipating that landlord would make a motion for summary judgment, which motion would be returnable on the adjourned *73 date of April 8, 2010, the parties further agreed in the stipulation that tenants would serve, in hand, their opposition to such motion at least three days prior to the adjourned date of April 8, 2010, as long as landlord served its motion at least eight days prior to the adjourned date. Landlord proceeded to timely make its motion for summary judgment returnable on April 8, 2010. On that date, tenants asked for an adjournment of both landlord’s motion and the proceeding, apparently in order to submit opposition to the motion. The Civil Court granted an adjournment of landlord’s motion and of the proceeding to April 16, 2010, conditioned upon tenants depositing the sum of $4,600 with the court within five days, since this was the second of two adjournments at tenants’ request (see RPAPL 745 [2] [a]). On April 12, 2010, tenants served a combined cross motion to dismiss the petition for lack of personal jurisdiction and opposition to landlord’s motion for summary judgment. The cross motion and opposition were filed with the Civil Court on April 14, 2010. However, tenants had failed to deposit the money as directed. When the parties appeared on April 16th, the Civil Court issued a similar directive to tenants to make the $4,600 RPAPL 745 (2) (a) deposit. Tenants have never deposited any money.
By motion made returnable June 23, 2010, the next scheduled court date, landlord moved, pursuant to RPAPL 745 (2) (c) (i), to dismiss tenants’ affirmative defenses and counterclaims and to enter judgment in landlord’s favor. Tenants did not submit any opposition to this motion. By order dated June 28, 2010, the court granted landlord’s RPAPL 745 (2) (c) (i) motion and deemed landlord’s still pending initial motion for summary judgment and tenants’ pending cross motion to dismiss to be moot. A final judgment was entered, pursuant to this order, awarding landlord possession and the principal sum of $33,200. The Civil Court subsequently denied tenants’ motion to vacate the final judgment pursuant to CPLR 5015 (a) (4).
Under these circumstances, we find that tenants’ claim of lack of personal jurisdiction did not survive beyond April 8, 2010, and, in any event, did not constitute a ground to excuse their noncompliance with the deposit order. Tenants had the choice of raising their objection by making a pre-answer motion to dismiss the petition or by setting it forth as an affirmative defense in their answer (CPLR 404 [a]). Since tenants elected to answer rather than move, their next step should have been to supply proof of their affirmative defense at the scheduled hear *74 ing of the petition (see Siegel, NY Prac § 554 [5th ed]). Their time to submit such proof was initially adjourned from March 18, 2010 to April 8, 2010, at which time tenants asked for a second adjournment of the proceeding.
If the Civil Court grants a respondent’s request for a second adjournment, it is required, upon a petitioner’s request, to direct the respondent to deposit money pursuant to RPAPL 745 (2) (a). However, the Civil Court is prohibited from directing a respondent to deposit money pursuant to RPAPL 745 (2) (a) if the respondent can establish its affirmative defense of lack of personal jurisdiction at an immediate hearing (see RPAPL 745 [2] [a] [iv]; see generally CPLR 409), or if it can establish, at the very least, that it is entitled to a traverse hearing. Generally, no traverse hearing is necessary unless the presumption of proper service established by a process server’s affidavit is rebutted by a sworn denial of service, including specific facts to rebut the statements in the process server’s affidavit (Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984-985 [2010]). Tenants were on notice that they could be ordered to deposit money upon landlord’s request (see RPAPL 745 [2] [a]) when they asked for a second adjournment of the petition on April 8, 2010, and should have been prepared to present such proof, but were not.
Since, on April 8, 2010, the adjourned date for the hearing of the petition, tenants failed to submit proof to the court in support of their jurisdictional defense pursuant to RPAPL 745 (2) (a), the court properly conditioned a further adjournment of landlord’s motion and of the proceeding to April 16, 2010 upon tenants’ depositing the sum of $4,600. Had tenants complied with that condition, they may have continued to preserve their affirmative defense of lack of personal jurisdiction (see generally RPAPL 745 [2] [c] [ii] [preserving “the issues raised in the respondent’s answer” for trial in the event that a respondent makes an initial RPAPL 745 (2) (a) deposit but fails to make additional deposits as they become due]), an issue we need not reach. However, since tenants failed to deposit the money as ordered, the Civil Court’s conditional granting of an adjournment from April 8, 2010 to April 16, 2010 became ineffective upon the conclusion of the statutory five-day period within which tenants were required to deposit the sum of $4,600. Under these circumstances, by virtue of tenants’ failure to submit proof of their affirmative defense of lack of personal jurisdiction on April 8, 2010, this affirmative defense did not *75 survive beyond that date and, in any event, did not constitute a ground to excuse their noncompliance with the deposit order. Thus, tenants’ motion to dismiss the petition on that ground was properly denied, and the Civil Court was required to grant landlord’s motion to dismiss tenants’ remaining affirmative defenses and counterclaims without prejudice and grant a final judgment in favor of landlord (see RPAPL 745 [2] [c] [i]; cf. RPAPL 745 [2] [c] [iii] [“(t)he court shall not extend any time provided for such deposit under this subdivision without the consent of the petitioner”]; RPAPL 745 [2] [c] [v] [“(t)he provisions of this paragraph requiring the deposit of rent or use and occupancy as it becomes due shall not be waived by the court”]).
Accordingly, as tenants’ remaining contentions are either irrelevant or without merit, the final judgment, insofar as reviewed, and the order entered January 18, 2012, insofar as appealed from, are affirmed.
Pesce, P.J, Aliotta and Solomon, JJ., concur.