Matter of Arline J. (James J.--Gerilynn F.) (2019 NY Slip Op 05532)





Matter of Arline J. (James J.--Gerilynn F.)


2019 NY Slip Op 05532


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2018-05313 
2018-05319
2018-05320
 (Index No. 31983/16)

[*1]In the Matter of Arline J. (Anonymous), respondent. James J. (Anonymous), et al., appellants; Gerilynn F. Falasco, respondent.


Law Office of David A. Smith, PLLC (Forchelli Deegan Terrana LLP, Uniondale, NY [Peter Basil Skelos and Michael A. Ciaffa], of counsel), for appellants.
Salem, Shor & Saperstein, LLP, Lake Success, NY (Ariella T. Gasner of counsel), for respondent Arline J.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Eric Broutman of counsel), for respondent Gerilynn F. Falasco.



DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, (1) James J. and Lynne J.-F. appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated February 26, 2018, (2) James J. appeals from an order of the same court entered April 2, 2018, and (3) James J. appeals from an order of the same court entered April 9, 2018. The order dated February 26, 2018, denied James J.'s petition pursuant to EPTL 7-2.6(a)(2) to remove Arline J. as trustee of an irrevocable trust, and granted the petition of Arline J. and Gerilynn F. Falasco pursuant to RPAPL article 17, inter alia, to permit the sale of certain real property. The order entered April 2, 2018, denied the motion of James J. and Lynne J.-F. for leave to renew James J.'s petition pursuant to EPTL 7-2.6(a)(2) to remove Arline J. as trustee of an irrevocable trust and their opposition to the petition of Arline J. and Gerilynn F. Falasco, inter alia, pursuant to RPAPL article 17 to permit the sale of certain real property. The order entered April 9, 2018, inter alia, confirmed, nunc pro tunc, the contract for the sale of the subject real property.
ORDERED that the orders are affirmed, with one bill of costs.
Arline J., a person in need of a guardian, is the sole surviving grantor and trustee of an irrevocable trust, which owned, among other things, real property located in Old Westbury. After the death of her husband, who was the cograntor and cotrustee of the trust, Arline, as sole trustee, executed a deed transferring the Old Westbury property to herself, individually. Thereafter, Arline, in her individual capacity, entered into a contract for the sale of the property.
In response to Arline's actions, James J., who is Arline's stepson, petitioned pursuant to EPTL 7-2.6(a)(2) to remove Arline as trustee, alleging, among other things, that Arline is unfit [*2]to carry out her duties as trustee. Arline and her court-appointed guardian, Gerilynn F. Falasco (hereinafter the guardian), opposed James's petition and filed a petition pursuant to RPAPL article 17, inter alia, to permit the sale of the Old Westbury property and to confirm the deed conveyance nunc pro tunc. In an order dated February 26, 2018, the Supreme Court denied James's petition and granted the petition of Arline and the guardian. Subsequently, James and Lynne J.-F., Arline's stepdaughter, moved for leave to renew James's petition and their opposition to the petition of Arline and the guardian. In an order entered April 2, 2018, the court denied that motion. In an order entered April 9, 2018, the court, inter alia, confirmed, nunc pro tunc, the deed conveyance and the contract for the sale of the property. James and Lynne appeal from the order dated February 26, 2018, and James appeals from the orders entered April 2, 2018, and April 9, 2018.
The issues raised on these appeals turn primarily on whether Arline's deed conveyance of the Old Westbury property, from herself as trustee to herself individually, and her subsequent contract to sell the Old Westbury property, were violative of the trust instrument. James, who is a remainderman under the trust, relies on the first article of the trust, which provides that "the Grantors, acting together, may, from time to time, or at any time, make gifts outright, or in trust, to any person, including gifts to the Co-Trustee(s) as individuals, even to the point of the full exhaustion of all of the property and/or funds contained in this Trust." He contends that by making the transfer of the Old Westbury property to herself, Arline made a gift to herself, which she could not do following the death of her husband, the other grantor. James asserts that gifts could only be made by the two grantors acting together. We disagree.
Preceding the provision of the first article of the trust relating to gifts, the trust instrument provides that the trustees are authorized to "pay so much or all of the net income as the Trustees, in their sole and absolute discretion, shall direct, to or for the benefit of" either grantor, no matter whether in equal or unequal shares. This provision is immediately followed by an express authorization to the trustees to "pay or apply from time to time or at any time, any part or all of the principal" of the trust for the benefit of either grantor or to the survivor, "as the Trustees, in their sole and absolute discretion, shall determine." The trust instrument was subsequently amended by both grantors, during the lifetime of Arline's husband, to provide that, upon the death of one of the two grantors, the surviving grantor would serve as sole trustee of the trust.
A trust instrument is to be construed as written, and the grantors' intention is to be determined solely from the unambiguous language of the instrument itself (see Mercury Bay Boating Club v San Diego Yacht Club, 76 NY2d 256, 267; Matter of Stuart, 107 AD3d 811, 812). Here, reading the trust instrument as a whole, and reading the first article of the trust in its context, the trust instrument, as amended, authorized Arline to pay or apply any part or the entirety of the trust principal and income for her own benefit. This broad authorization is not restricted by the subsequent sentence relating to gifts. These two provisions taken as a whole limit the effective reach of the latter provision to gifts to persons other than the original grantors and trustees. The trust does not reflect any intention on the part of the grantors to require the trustees to preserve trust assets for the benefit of any remaindermen. Nor does it require the trustees to use any of their own assets before they could use trust assets for their own benefit. The rights of the remaindermen are limited to whatever remained in the trust, if anything, upon the death of the trustees, and, effectively, to the exercise of the "sole and absolute discretion" of Arline, as the sole surviving trustee, in allocating the trust assets "to or for [her] benefit" during her lifetime. Matter of Stuart (107 AD3d 811) and Whitehouse v Gahn (84 AD3d 949) are not to the contrary, as those cases involved attempts to amend trust terms after the death of the grantors, while here, the issue turns on the undisputed, unambiguous terms of the trust instrument.
In support of his petition to remove Arline as trustee of the trust, James contends that Arline has violated, or has threatened to violate, the trust (see EPTL 7-2.6[a][2]; Matter of Joan Moran Trust, 166 AD3d 1176, 1179). However, as discussed above, James failed to demonstrate that Arline's actions were a violation of the trust instrument. While James also contends that Arline is unfit to hold her position because she is a person in need of a guardian, James failed to demonstrate that Arline is incapacitated. The order appointing a guardian for Arline reflects that it was entered upon her consent and upon evidence that she had functional limitations in handling her [*3]own affairs and was unable to manage certain aspects of her affairs. However, the guardian was directed to give Arline the greatest amount of independence and self-determination possible in light of her functional level. James, who had commenced the proceeding which led to the guardianship, consented to this order, without at that time seeking the removal of Arline as trustee. James submitted no evidence, apart from the guardianship order, to support his allegations that Arline is unfit to act as trustee. In particular, since James effectively consented to Arline remaining as trustee notwithstanding the consent guardianship order, he failed to demonstrate that Arline's condition worsened since the guardianship order was entered.
We therefore agree with the Supreme Court's denial of James's petition, its grant of the petition of Arline and the guardian, and its confirming, nunc pro tunc, the deed conveyance and the contract for the sale of the Old Westbury property.
A motion for leave to renew is addressed to the sound discretion of the court and "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Ramirez v Khan, 60 AD3d 748, 748 [internal quotation marks omitted]; see Lardo v Rivlab Transp. Corp., 46 AD3d 759, 759). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]), "or may, in the [trial court's] discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586). In either instance, the motion "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 586; Schenectady Steel Co., Inc. v Meyer Contr. Corp., 73 AD3d 1013, 1015). Here, James and Lynne failed to meet their burden. Accordingly, we agree with the Supreme Court's determination to deny their motion for leave to renew.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court