Jonathan S. v Benjamin (2021 NY Slip Op 02433)





Jonathan S. v Benjamin


2021 NY Slip Op 02433


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-00330
 (Index No. 49755/02)

[*1]Jonathan S., etc., et al., respondents,
v
Nancy Benjamin, etc., et al., defendants, Sandra McCalla, etc., appellant.


Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino and Christopher A. Terzian of counsel), for appellant.
Silberstein Awad & Miklos, P.C., Garden City, NY (Joseph Miklos and Robert Miklos of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the defendant Sandra McCalla appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated December 7, 2018. The order granted the plaintiffs' motion, in effect, to amend an infant compromise order dated August 12, 2014.
ORDERED that the order dated December 7, 2018, is affirmed, with costs.
This action to recover damages for medical malpractice was commenced in 2002 against the defendant St. Vincent's Catholic Medical Center/St. Mary's Hospital of Brooklyn (hereinafter St. Vincent) and others, including the defendant Sandra McCalla. After St. Vincent's bankruptcy in 2005, a settlement was reached, in March 2014, between the plaintiffs and St. Vincent, pursuant to which the plaintiffs were required, inter alia, to provide general releases to St. Vincent as well as the defendants Michael Tugetman, Jean Clarke-Brown, Lydia Appaiah Dwamena, and Pierre Toussaint Health Center (hereinafter collectively the settling defendants). The settling defendants were all insured by St. Vincent, and it was expressly understood that this action would be allowed to continue against other defendants—including McCalla—who had third-party insurance coverage.
The Supreme Court entered an infant compromise order dated August 12, 2014 (hereinafter the ICO), approving the settlement. Among other things, the ICO expressly discontinued the action insofar as asserted against the settling defendants only, and authorized the plaintiff Nyree Hickman, as the infant's natural guardian, to execute and deliver general releases required to effectuate the settlement.
The general release executed by Hickman named only the settling defendants and other entities expressly required to be released under the terms of the settlement. Moreover, consistent with the parties' intent to release only persons who were insured through St. Vincent, the general release contained language extending the scope of the release to "all other potential or [*2]possible tortfeasors . . ., whether presently known or unknown, who are insured through and/or owed any obligation or indemnity by [St. Vincent]" (emphasis added). However, the general release also contained boilerplate language purporting to extend the benefit of the release to all "employees, servants [and] agents" of each of the named releasees.
After the entry of the ICO, the action continued against the remaining defendants, including McCalla, and a note of issue was filed in February 2015. More than three years later, McCalla sought to dismiss the action insofar as asserted against her on the ground that she was an employee of St. Vincent at the time of the alleged malpractice and was therefore covered by the terms of the general release. Insofar as relevant to this appeal, the plaintiff subsequently moved, in effect, to amend the ICO to the extent of vacating any provision of the settlement documents purporting to release the infant plaintiff's claims against McCalla. The Supreme Court granted the motion, and McCalla appeals.
Under the specific circumstances of this case, we discern no reason to disturb the Supreme Court's determination that the benefit of the ICO—including the general release—was never intended to extend to McCalla. Despite the release's use of "standardized, even ritualistic, language," there is no direct or circumstantial proof that the purpose of the ICO was to settle the infant plaintiff's claims against defendants such as McCalla who had the benefit of third-party insurance coverage (Mangini v McClurg, 24 NY2d 556, 562). A release "may not be read to cover matters which the parties did not desire or intend to dispose" (Wise v McCalla, 24 AD3d 435, 437 [internal quotation marks omitted]).
Accordingly, we affirm the order.
HINDS-RADIX, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court