John v Elefante (2022 NY Slip Op 06121)

John v Elefante

2022 NY Slip Op 06121

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2020-05701
 (Index No. 606943/16)

[*1]Thomas John, et al., plaintiffs, American Gardens Management, LLC, etc., appellant, 
v
Ralph Elefante, et al., respondents.

Hogan & Cassell, LLP, Jericho, NY (Michael Cassell and Alycia Blaeser of counsel), for appellant.
Gabor & Marotta, LLC, Staten Island, NY (Richard M. Gabor and Ilyssa Gabor Florio of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff American Gardens Management, LLC, appeals from an interlocutory judgment of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered May 7, 2020. The interlocutory judgment, after a nonjury trial, is in favor of the defendants and against the plaintiff American Gardens Management, LLC, dismissing the complaint insofar as asserted by that plaintiff.
ORDERED that the interlocutory judgment is affirmed, with costs.
Many of the relevant facts underlying this appeal are set forth in this Court's decision and order in a related appeal (see John v Elefante, _____ AD3d _____ [Appellate Division Docket No. 2019-09179; decided herewith]).
The defendant Bailey Gardens Realty Corp. (hereinafter BGR) owned an apartment complex in the Bronx (hereinafter the subject properties), which BGR sold in 2010. At the time of BGR's sale of the subject properties, the plaintiff Thomas John was the majority shareholder of BGR, and the defendants George Varughese, Nelson Soares, Mathew Abraham, Samuel V. George, Stanley V. George, Chacko Itty, Nalonnil Jose, Alexander V. Joshua, Mathew Kurien, Carmo Lobo, Abraham Mathew, Thomas Mathews, Pankajakshiamma Menon, George K. Pallil, Johnson Parayil, Harshad Patel, Lalita Patel, Chacko Philip, Thomas Puthenmadathil, Prabha Raphel, Geevarghese Thankachen, Abraham Thomas, Philip Varghese, Raju Varughese, Thannickall Varughese, and Divyang C. Yodh were each minority shareholders of BGR. The plaintiff American Gardens Management, LLC (hereinafter AGM), was the management company for BGR, and John, the sole owner of AGM, testified at trial that AGM was responsible for, among other things, collecting rents from the subject properties and paying the mortgage on the subject properties. AGM alleged in the complaint that it is owed approximately $368,000 in unpaid management fees by BGR and by the minority shareholders. The defendants asserted counterclaims alleging that John, through his mismanagement of the subject properties, including failure to pay the mortgage, caused damages to the defendants.
The Supreme Court held a nonjury trial on AGM's causes of action and the defendants' counterclaims on December 11, 16, and 17, 2019. By interlocutory judgment entered May 7, 2020, the court dismissed the complaint insofar as asserted by AGM. The court determined, among other things, that "any potential judgment in AGM's favor would be offset in its entirety by the amount of money AGM owes the defendants," and that AGM's failure to make mortgage payments on the subject properties "resulted in $1,151,270.00 in additional interest," and "accrued late fees in the amount of $113,266.92." AGM appeals.
Contrary to AGM's contention, the Supreme Court correctly determined that the defendants' counterclaims were sufficiently pleaded to be considered as an offset to the damages alleged by AGM (see CPLR 3013, 3026; Youssef v Triborough Bridge & Tunnel Auth., 24 AD3d 661, 661; see also Seidler v Knopf, 186 AD3d 889, 891).
The Supreme Court also correctly determined that a release signed by John and the defendant Ralph Elefante prior to the closing on the sale of the subject properties did not preclude the defendants' counterclaims insofar as they were asserted against AGM. "A release is a contract, and its construction is governed by contract law" (Burnside 711, LLC v Amerada Hess Corp., 175 AD3d 557, 558-559 [internal quotation marks omitted]). "[A] general release may not be read to cover matters which the parties did not desire or intend to dispose of" (Huma v Patel, 68 AD3d 821, 822). Furthermore, "[o]ne cannot be held liable under a contract to which he or she is not a party" (Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965; see Arroyo v Central Islip UFSD, 173 AD3d 814, 816). Here, the release was silent as to any obligations owed either to AGM or by AGM, and AGM was neither a signatory or a named party in the document. By its plain terms, the release did not serve to preclude the defendants' counterclaims insofar as they were asserted against AGM (see Huma v Patel, 68 AD3d at 822; see also Arroyo v Central Islip UFSD, 173 AD3d at 816; Victory State Bank v EMBA Hylan, LLC, 169 AD3d at 965-966).
Contrary to AGM's contention, the evidence at trial does not support a finding that the defendants, by purportedly admitting at the time of the sale of the subject properties that AGM was owed approximately $368,000 in unpaid management fees, had also, in effect, abandoned any claim that the management fees owed to AGM could be offset by the damages owed to the defendants based on AGM's alleged mismanagement of the subject properties. The Supreme Court's determination that any amount of unpaid management fees owed to AGM was more than completely offset by the damages resulting from AGM's failure to pay the mortgage on the subject properties is warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Garcia v Garcia, 187 AD3d 859, 862).
In light of the foregoing, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court