■ PATRICIA CUZZO, Respondent, v ERNEST CUZZO, Appellant. [885 NYS2d 619]—

In a matrimonial action in which the parties were divorced by judgment dated February 16, 2006, entered upon the defendant's default in appearing or answering, the defendant appeals from an order of the Supreme Court, Westchester County (Scarpino, J.), entered June 25, 2008, which denied his motion to reject a referee's report (Ratner, Ct. Atty. Ref.), dated November 15, 2007, recommending that his motion to vacate the judgment of divorce be denied or, in the alternative, for a new hearing before a different referee, and granted the plaintiff's cross motion to confirm the referee's report.

Ordered that the order is affirmed, with costs.

The plaintiff former wife and the defendant former husband were divorced after 32 years of marriage by judgment of divorce dated February 16, 2006, which was entered upon the defendant's default in appearing or answering. Pursuant to the parties' separation agreement, which was incorporated into, but

did not merge with, the judgment of divorce, the plaintiff was to receive title to the parties' two homes and the defendant was to pay all the expenses involved in maintaining those homes.

The defendant moved to vacate the judgment of divorce in January 2007, approximately 13 months after the plaintiff had served the summons with notice upon him on December 5, 2005. The defendant argued, inter alia, that his mental and physical state prevented him from answering or appearing in the divorce action, and that his default was therefore excusable. The defendant also denied having been served with the summons with notice, and further argued that the separation agreement was unconscionable and improperly executed.

The court directed a referee to conduct a hearing on the motion. After a two-day hearing, the referee issued an extensive oral report finding that the defendant's testimony was incredible and lacking in merit, and concluding that the defendant failed to establish a reasonable excuse for his default and a meritorious defense to the action as required by CPLR 5015 (a) (1). The defendant moved, inter alia, to reject the referee's report and the plaintiff cross-moved to confirm the report. In the order appealed from, the Supreme Court denied the defendant's motion and granted the plaintiff's cross motion.

Although this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant to demonstrate a reasonable excuse for his default and the existence of a meritorious defense (*see Ogazi v Ogazi,* 46 AD3d 646 [2007]; *Atwater v Mace,* 39 AD3d 573, 574 [2007]; *Faltings v Faltings,* 35 AD3d 350 [2006]). Contrary to the defendant's contention, he failed to submit any competent evidence that his default was excusable because it was caused by a mental or physical condition (*see Dominguez v Carioscia,* 1 AD3d 396 [2003]; *Neuman v Greenblatt,* 260 AD2d 616, 617 [1999]; *Zolov v Donovan,* 138 AD2d 484, 485 [1988]).

In light of this determination, we need not consider whether the defendant demonstrated the existence of a meritorious defense (*see Ogazi v Ogazi,* 46 AD3d at 646; *Matter of Lutz v Goldstone,* 31 AD3d 449, 450 [2006]). Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.