■ NINA SGANGA, Respondent, v LOUIS SGANGA, Appellant. [942 NYS2d 886]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Christopher, J.), dated March 1, 2011, as denied those branches of his motion which were to vacate an order of the same court (Walker, J.), dated August 3, 2010, inter alia, determined that the plaintiff was entitled to a divorce on the ground of constructive abandonment, entered upon his default in appearing at trial and at an inquest, and to disqualify the plaintiff's attorneys.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A defendant seeking to vacate a default must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action" (*Ramirez v Islandia Exec. Plaza, LLC*, 92 AD3d 747, 748 [2012]; see CPLR 5015 [a] [1]; *Castle v Avanti, Ltd.*, 86 AD3d 531, 531 [2011]; *Bethune v Prioleau*, 82 AD3d 810, 810 [2011]; *NY SMS Waterproofing, Inc. v Congregation Machne Chaim, Inc.*, 81 AD3d 617, 617-618 [2011]; *Maida v Lessing's Rest. Servs., Inc.*, 80 AD3d 732, 733 [2011]). "A motion to vacate a default is addressed to the sound discretion of the Supreme Court" (*Kohn v Kohn*, 86 AD3d 630, 630 [2011]). "Although this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant to demonstrate a reasonable

excuse for his or her default and the existence of a potentially meritorious defense" (*Dervisevic v Dervisevic*, 89 AD3d 785, 786 [2011]; *see Rolston v Rolston*, 261 AD2d 377, 377 [1999]). Here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to vacate the order entered upon his default. The defendant failed to demonstrate a reasonable excuse for his failure to appear at trial. We therefore need not reach the issue of whether the defendant proffered a potentially meritorious defense.

Under the particular circumstances of this case, the Supreme Court also providently exercised its discretion in denying that branch of the defendant's motion which was to disqualify the plaintiff's attorneys (*see McDade v McDade*, 240 AD2d 1010, 1011 [1997]; *Natiello v Natiello*, 209 AD2d 389 [1994]). Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.