*991 In a matrimonial action in which the parties were divorced by judgment entered July 2, 2010, upon the defendant’s default in answering, the defendant appeals from an order of the Supreme Court, Nassau County (Bruno, J), entered September 30, 2011, which denied his motion pursuant to CPLR 5015 (a) to vacate the judgment of divorce.
Ordered that the order is affirmed, without costs or disbursements.
Although the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense (see Dervisevic v Dervisevic, 89 AD3d 785, 786 [2011]). Here, the defendant failed to offer a reasonable excuse for his default in appearing (see Hwang v Tam, 72 AD3d 741, 742 [2010]; Cuzzo v Cuzzo, 65 AD3d 1274 [2009]). Furthermore, his conclusory denials of the factual allegations set forth in the complaint fail to establish a potentially meritorious defense to the plaintiff’s claims of cruel and inhuman treatment (see Atwater v Mace, 39 AD3d 573, 575 [2007]; Hergerton v Hergerton, 235 AD2d 395, 396 [1997]).
The defendant also failed to meet his burden of establishing fraud, misrepresentation, or other misconduct on the part of either the plaintiff or an agent of the plaintiff, which could warrant vacatur of the default judgment pursuant to CPLR 5015 (a) (3) (see Scheu v Fan Ru Tseng, 72 AD3d 930 [2010]; Vogelgesang v Vogelgesang, 71 AD3d 1131 [2010]; Tornheim v Tornheim, 309 AD2d 923 [2003]; Cofresi v Cofresi, 198 AD2d 321 [1993]).
Therefore, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the defendant’s motion pursuant to CPLR 5015 to vacate the judgment of divorce entered upon his default (see Seifried v Seifried, 296 AD2d 398 [2002]; Raso v Raso, 288 AD2d 364, 365 [2001]).
Rivera, J.P, Dickerson, Leventhal and Hinds-Radix, JJ., concur.