In an action to recover unpaid rent, the defendant appeals from an order of the Supreme Court, Westchester County *775 (Colabella, J.), entered November 26, 2012, which denied his motion pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court dated February 1, 2012, entered against him upon his failure to appear at an inquest on October 6, 2008.
Ordered that the order is affirmed, with costs.
For a party to succeed in vacating a judgment entered upon his or her failure to appear on a scheduled court date, the party must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense (see Thomas v Avalon Gardens Rehabilitation & Health Care Ctr., 107 AD3d 694 [2013]; Vardaros v Zapas, 105 AD3d 1037, 1038 [2013]; Sganga v Sganga, 95 AD3d 872 [2012]; Marrero v Crystal Nails, 77 AD3d 798, 799 [2010]). “A motion to vacate a default is addressed to the sound discretion of the motion court” {Braynin v Dunleavy, 109 AD3d 571, 571 [2013]). Here, the Supreme Court providently exercised its discretion in denying the defendant’s motion pursuant to CPLR 5015 (a) (1) to vacate the subject judgment. Contrary to the defendant’s contention, he failed to demonstrate a reasonable excuse for his failure to appear at the inquest. Therefore, we need not reach the issue of whether the defendant demonstrated the existence of a potentially meritorious defense (see Vardaros v Zapas, 105 AD3d at 1038; Sganga v Sganga, 95 AD3d at 873).
The defendant’s remaining contentions either are without merit or have been rendered academic in light of our determination. Dillon, J.E, Angiolillo, Dickerson and Cohen, JJ., concur.