■ FARHAT HASANJI, Respondent, v RIAZ HASANJI, Appellant. [993 NYS2d 512]—

In a matrimonial action in which the parties were divorced by judgment dated December 4, 2006, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated November 26, 2012, as denied his motion to vacate an order of the same court dated December 1, 2011, which, upon his failure to appear, in effect, granted those branches of the plaintiff's motion which were to hold him in civil contempt and for an award of certain child support arrears.

Ordered that the order dated November 26, 2012, is affirmed insofar as appealed from, with costs.

The parties entered into a stipulation of settlement that was incorporated into a judgment of divorce dated December 4, 2006. The stipulation of settlement provided that the defendant was to pay monthly child support, provide health insurance for the parties' children, and contribute to the children's college education. In October 2010, the plaintiff moved by order to show cause for an order holding the defendant in civil contempt and awarding her certain child support arrears. The plaintiff alleged that the defendant had stopped paying child support in April 2009, and failed to provide health insurance or contribute toward their daughter's college education. The Supreme Court directed that service of the motion be made upon the defendant by mail to his last known business and residential addresses, as well as by mail upon the defendant's attorney. The defendant failed to appear or oppose the motion, and the motion was granted in an order dated December 1, 2011. The defendant thereafter moved to vacate the order, and the motion was denied.

A party seeking to vacate a default must establish both a reasonable excuse for the default and a potentially meritorious cause of action or defense (see *Sganga v Sganga*, 95 AD3d 872, 872 [2012]; *Dervisevic v Dervisevic*, 89 AD3d 785, 786 [2011]). The Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the order dated December 1, 2011, since the defendant failed to present a reasonable excuse for his failure to oppose the plaintiff's motion and, further, failed to establish a potentially meritorious defense to the plaintiff's motion (see *Farhadi v Qureshi*, 105 AD3d 990, 991 [2013]).

The defendant's remaining contentions are not properly before this Court. Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.