■ Ralf Wimmershoff, Respondent, v Letitia R. Gonzalez Ahuactzin, Appellant. [999 NYS2d 161]—

In a matrimonial action in which the parties were divorced by judgment dated December 22, 2011, upon the defendant's failure to appear or answer, the defendant appeals from an order of the Supreme Court, Westchester County (Colangelo, J.), dated February 19, 2013, which denied her motion, inter alia, pursuant to CPLR 5015 (a) to vacate the judgment, and to vacate a final order of protection of the same court (Christopher, J.), dated October 28, 2011, entered upon her failure to appear at the inquest.

Ordered that the order dated February 19, 2013, is affirmed, with costs.

To vacate a default in a matrimonial action, the defendant must demonstrate a reasonable excuse for the default and the existence of a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Sganga v Sganga*, 95 AD3d 872, 872-873 [2012]; *Diaz v Diaz*, 71 AD3d 947, 948 [2010]; *Ogazi v Ogazi*, 46 AD3d 646 [2007]; *Faltings v Faltings*, 35 AD3d 350 [2006]). Here, the defendant failed to establish a reasonable excuse for her failure to serve a notice of appearance. Furthermore, the defendant did not provide a reasonable excuse for her persistent and willful failures to appear at the scheduled court proceedings and the inquest for a period of more than nine months, and did not move to vacate the defaults until after a judgment of divorce was entered against her (*see Rolston v Rolston*, 261 AD2d 377, 378 [1999]). We therefore need not reach the issues of whether the defendant proffered a potentially meritorious defense to the action or to the issuance of the final order of protection (*see Sganga v Sganga*, 95 AD3d at 873; *Diaz v Diaz*, 71 AD3d at 948; *Young Chen v Ruihua Li*, 67 AD3d 905 [2009]; *Ogazi v Ogazi*, 46 AD3d 646 [2007]). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion. Dickerson, J.P., Chambers, Cohen and Duffy, JJ., concur.

---

Motion by the respondent on an appeal from an order of the Supreme Court, Westchester County, dated February 19, 2013, inter alia, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated March 5, 2014, that branch of the motion which is to strike stated portions of the appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record is granted, and those portions of the appellant's brief referring to matter dehors the record which are listed in paragraphs 4 through 6, and paragraph 8, of the affirmation in support of the motion by Adrienne Abraham dated January 15, 2014, are deemed stricken and have not been considered on the appeal. Dickerson, J.P., Chambers, Cohen and Duffy, JJ., concur.