■ Anonymous et al., Respondents, v Steven Nowicki, Appellant. [4 NYS3d 232]—

In an action to recover damages for personal injuries, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered July 31, 2012, as denied those branches of his motion which were denominated as seeking to strike the case from the trial calendar and stay proceedings in the action, but which were, in actuality, to vacate his defaults in opposing the plaintiffs' two prior motions and his failure to appear at a scheduling conference, and (2) from a judgment of the same court dated December 31, 2012, which is in favor of the plaintiffs and against him in the principal sum of $2,000,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, except insofar as it brings up for review the order; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

No appeal lies from a judgment entered upon the default of the appealing party (*see* CPLR 5511). However, those branches of the defendant's motion which were denominated as seeking to strike the case from the trial calendar and stay proceedings in the action, but which were, in actuality, to vacate his defaults in opposing the plaintiffs' two prior motions and his failure to appear at a scheduling conference were "the subject of contest" before the Supreme Court (*James v Powell*, 19 NY2d 249, 256 n 3 [1967]). Therefore, the propriety of the denial of those branches of the defendant's motion is brought up for review on the appeal from the judgment (*see id.* at 256 n 3; *Asman v Durst*, 98 AD3d 1068, 1069 [2012]; *HSBC Mtge. Corp. [USA] v MacPherson*, 89 AD3d 1061, 1062 [2011]; *Diamond v Diamante*, 57 AD3d 826, 826-827 [2008]; *Katz v Katz*, 68 AD2d 536, 540 [1979]).

A party seeking to vacate a default must establish both a

reasonable excuse for the default and a potentially meritorious cause of action or defense (*see Sganga v Sganga*, 95 AD3d 872, 872 [2012]). The Supreme Court did not improvidently exercise its discretion in denying the subject branches of the defendant's motion because the defendant failed to present a reasonable excuse for his failure to oppose the plaintiffs' two prior motions and to appear at a scheduling conference and, further, failed to establish a potentially meritorious defense to the plaintiffs' prior motions (*see Hasanji v Hasanji*, 121 AD3d 753 [2014]). Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.