■ ROBERT CAPURSO, Respondent, v CHRISTINE CAPURSO, Appellant. [24 NYS3d 78]—

Appeal from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated June 7, 2013. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 5015 (a) to vacate (a) a

judgment of divorce of that court entered November 23, 2009, after an inquest, upon the defendant's failure to appear at trial, and (b) so much of an order of that court dated September 2, 2010, entered after a separate inquest, upon the defendant's failure to appear at trial, as awarded the plaintiff ancillary economic relief.

Ordered that the order dated June 7, 2013, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendant's motion which was to vacate so much of the order dated September 2, 2010, as awarded the plaintiff ancillary economic relief, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated June 7, 2013, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a trial on the ancillary economic issues attendant to the parties' divorce and the entry of an appropriate amended judgment of divorce thereafter.

Contrary to the Supreme Court's determination, the defendant timely moved pursuant to CPLR 5015 (a) to vacate both a judgment of divorce entered November 23, 2009, and so much of an order dated September 2, 2010, as awarded the plaintiff ancillary economic relief. A motion to vacate a judgment or order on grounds of excusable default must be made "within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry" (CPLR 5015 [a] [1]). Here, the plaintiff did not submit any proof that he ever served the defendant with written notice of entry of the judgment or order. The defendant served notices of entry of the judgment and the order dated December 5, 2012, in conjunction with her motion, which motion was made in January 2013. Therefore, the motion was timely (see id.).

Contrary to the Supreme Court's determination, the defendant's motion was not barred by the doctrine of laches, as the requisite showing of prejudice was not made (see Brown v Lutheran Med. Ctr., 107 AD3d 837, 838-839 [2013]; Rosenfeld v Rosenblum, 176 AD2d 645, 646 [1991]; see also Matter of Hiletzaris, 105 AD3d 740 [2013]).

"Although the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) to demonstrate a reasonable excuse for his or her default and the existence of a

potentially meritorious defense" (*Farhadi v Qureshi*, 105 AD3d 990, 991 [2013]; *see Dervisevic v Dervisevic*, 89 AD3d 785, 785 [2011]). The determination of what constitutes a "reasonable excuse" lies within the sound discretion of the Supreme Court (*see Eastern Sav. Bank, FSB v Charles*, 103 AD3d 683, 684 [2013]; *Rivera v Komor*, 69 AD3d 833 [2010]).

Here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to vacate the judgment of divorce, which was entered after an inquest, upon her failure to appear on the scheduled trial date. Considering the procedural history and particular facts of the case, the court providently exercised its discretion in determining that the defendant's submissions supporting this branch of her motion failed to adequately substantiate her excuse that she had swine flu and had to be hospitalized due to a back injury resulting from a fall (*see Dimopoulos v Caposella*, 118 AD3d 739, 740 [2014]; *Wells Fargo Bank, N.A. v Cean Owens, LLC*, 110 AD3d 872, 872 [2013]). The defendant's remaining contentions as to the above issues are without merit.

However, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was to vacate so much of the order dated September 2, 2010, as awarded the plaintiff ancillary economic relief. That order was entered after an inquest, upon her failure to appear at a trial on the ancillary economic issues attendant to the parties' divorce. The defendant, who was proceeding pro se at the time, established that she did not receive notice of the trial date. The record does not contain a notice of entry of the order that set the date of the trial on ancillary economic issues, or any other admissible evidence showing that the defendant was notified of that trial date. Therefore, the defendant demonstrated a reasonable excuse for not appearing at that trial (*see* CPLR 5015 [a] [1]; *Osman v Osman*, 83 AD3d 1022, 1023 [2011]; *Ito v Ito*, 73 AD3d 983 [2010]; *Viner v Viner*, 291 AD2d 398 [2002]).

The defendant also demonstrated a potentially meritorious defense with respect to the ancillary economic issues, including equitable distribution, spousal support, and child support, based upon the length of the marriage and the parties' respective incomes (*see Ito v Ito*, 73 AD3d at 984; *Viner v Viner*, 291 AD2d at 398-399).

Accordingly, the Supreme Court should have vacated so much of the order dated September 2, 2010, as awarded the plaintiff ancillary economic relief, and we remit the matter to the Supreme Court, Suffolk County, for a trial on the ancillary

economic issues attendant to the parties' divorce and the entry of an appropriate amended judgment of divorce thereafter.

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Chambers, J.P., Hall, Duffy and Barros, JJ., concur.