■ Elizabeth Celesia, Respondent, v Dean B. Celesia, Appellant. [26 NYS3d 292]—

Appeal from an order of the Supreme Court, Suffolk County (Bivona, J.); dated September 30, 2013. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 5015 (a) to vacate a judgment of divorce of that court entered October 4, 2011, upon his failure to appear or answer the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action for a divorce and ancillary relief, the Supreme Court entered a judgment of divorce on October 4, 2011, upon the defendant's failure to appear or answer the complaint. Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015 (a) to vacate the judgment of divorce, and the court denied that branch of his motion. The defendant appeals.

"Although the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense" (*Farhadi v Qureshi*, 105 AD3d 990, 991 [2013]; *see Dervisevic v Dervisevic*, 89 AD3d 785, 786 [2011]). In this case, the defendant failed to demonstrate a reasonable excuse for his default in appearing or answering the complaint (*see Hwang v Tam*, 72 AD3d 741, 742 [2010]; *Cuzzo v Cuzzo*, 65 AD3d 1274 [2009]). The defendant also failed to meet his burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff which could justify vacatur of the judgment of divorce pursuant to CPLR 5015 (a) (3) (*see Scheu v Fan Ru Tseng*, 72 AD3d 930 [2010]; *Vogelgesang v Vogelgesang*, 71 AD3d 1131 [2010]; *Tornheim v Tornheim*, 309 AD2d 923 [2003]). Moreover, under the circumstances of this case, vacatur of the judgment was not warranted in the interest of "substantial justice" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 5015 (a) to vacate the judgment of divorce entered upon his failure to appear or answer the complaint (*see Farhadi v Qureshi*, 105 AD3d at 990; *Seifried v Seifried*, 296 AD2d 398 [2002]; *Raso v Raso*, 288 AD2d 364, 365 [2001]). Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.