Soni Mathew, Appellant, v Sheeja Mathew, Respondent. [28 NYS3d 695]—

Appeal from an amended order of the Supreme Court, Westchester County (Janet C. Malone, J.), entered September 18, 2014. The amended order granted that branch of the defendant's cross motion which was pursuant to CPLR 5015 (a) to vacate so much of a judgment of divorce of the same court (Francesca E. Connolly, J.) dated August 29, 2012, as, upon her failure to answer the complaint or appear in the action, and her failure to appear at an inquest, awarded the plaintiff ancillary relief pertaining to the issue of equitable distribution.

Ordered that the amended order is reversed, on the law, with costs, and that branch of the defendant's cross motion which was pursuant to CPLR 5015 (a) to vacate so much of the

judgment of divorce as awarded the plaintiff ancillary relief pertaining to the issue of equitable distribution is denied.

In November 2011, the plaintiff commenced this action for a divorce and ancillary relief, and the defendant failed to answer the complaint or appear in the action. On April 25, 2012, the Supreme Court conducted an inquest, at which the defendant failed to appear. A judgment of divorce was issued on August 29, 2012, and served on the defendant two days later. In June 2014, the plaintiff moved to enforce certain provisions of the judgment of divorce. In July 2014, the defendant cross-moved, inter alia, pursuant to CPLR 5015 (a) to vacate so much of the judgment of divorce as awarded the plaintiff ancillary relief pertaining to the issue of equitable distribution. In the amended order appealed from, the Supreme Court granted that branch of the defendant's cross motion. The plaintiff appeals. We reverse.

"Although the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense" (*Farhadi v Qureshi*, 105 AD3d 990, 991 [2013]; *see Capurso v Capurso*, 134 AD3d 974 [2015]; *Sganga v Sganga*, 95 AD3d 872, 872-873 [2012]). CPLR 5015 (a) (1) provides that the motion must be made, inter alia, "within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party" (*see Sussman v Jo-Sta Realty Corp.*, 99 AD3d 787, 788 [2012]).

Here, the defendant's motion was untimely since it was not made within one year after a copy of the judgment was served upon her with notice of entry (*see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 760 [2013]). While " '[t]he Supreme Court has the inherent authority to vacate [the] judgment in the interest of justice, even where the statutory one-year period under CPLR 5015 (a) (1) has expired' " (*Goldenberg v Goldenberg*, 123 AD3d 761, 761-762 [2014], quoting *State of New York v Kama*, 267 AD2d 225, 225 [1999]), here, the defendant failed to offer a reasonable excuse for her default (*see Wimmershoff v Ahuactzin*, 123 AD3d 1021, 1022 [2014]; *Sganga v Sganga*, 95 AD3d at 872-873). Since the defendant failed to demonstrate a reasonable excuse for her default, we need not determine whether she had a potentially meritorious defense (*see Sganga v Sganga*, 95 AD3d at 873; *Diaz v Diaz*, 71 AD3d 947, 948 [2010]).

Accordingly, the Supreme Court should have denied that

branch of the defendant's cross motion which was pursuant to CPLR 5015 (a) to vacate so much of the judgment of divorce as awarded the plaintiff ancillary relief pertaining to the issue of equitable distribution. Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.