LISA MCNAMARA, Respondent, v ROBERT MCNAMARA, Appellant. [42 NYS3d 314]—

Appeal by the defendant from a judgment of divorce of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated October 10, 2014. The judgment, upon the defendant's failure to appear for a trial on ancillary economic issues, upon a decision of that court dated March 31, 2014, made after the trial, and upon an order of that court dated July 7, 2014, denying the defendant's motion, inter alia, pursuant to CPLR 5015 (a) to vacate his default and to vacate stated portions of the decision, among other things, equitably distributed the marital property and awarded the plaintiff child support.

Ordered that the judgment is affirmed, with costs.

"Although this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant [seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1)] to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense" (*Dervisevic v Dervisevic,* 89 AD3d 785, 786 [2011]; *see Capurso v Capurso,* 134 AD3d 974, 975-976 [2015]; *Farhadi v Qureshi,* 105 AD3d 990, 991 [2013]). The determination of what constitutes a "reasonable excuse" lies within the sound discretion of the Supreme Court (*see Capurso v Capurso,* 134 AD3d at 976; *Eastern Sav. Bank, FSB v Charles,* 103 AD3d 683, 684 [2013]; *Rivera v Komor,* 69 AD3d 833 [2010]).

Here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (1) to vacate his default in appearing on the scheduled trial date. The defendant's unsubstantiated excuse that he was suffering from acid reflux the night before the trial was not reasonable under the circumstances of this case (*see Capurso v Capurso,* 134 AD3d at 976; *Dimopoulos*

*v Caposella*, 118 AD3d 739, 740 [2014]; *Tobin v Perlmutter*, 288 AD2d 210 [2001]; *Campbell v Dutton Stor. Distrib. Co.*, 240 AD2d 690, 691 [1997]). Since the defendant failed to demonstrate a reasonable excuse for his default, we need not determine whether he had a potentially meritorious defense (*see Mathew v Mathew*, 137 AD3d 1086, 1087 [2016]; *Sganga v Sganga*, 95 AD3d 872, 873 [2012]; *Diaz v Diaz*, 71 AD3d 947, 948 [2010]).

The Supreme Court also properly denied that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (3) to vacate his default in appearing on the scheduled trial date based upon his allegation that the plaintiff presented false testimony. Since such a claim amounts to an allegation of intrinsic fraud, the defendant was required to establish both a reasonable excuse for the default and a potentially meritorious defense to the action (*see Deutsche Bank Natl. Trust Co. v Karlis*, 138 AD3d 915, 916 [2016]; *Morel v Clacherty*, 186 AD2d 638, 639 [1992]; *Averill v Averill*, 129 AD2d 603, 604 [1987]; *see also Matter of Lockett v Juviler*, 65 NY2d 182, 186 [1985]). Since the defendant failed to demonstrate a reasonable excuse for his default, we need not determine whether he had a potentially meritorious defense (*see Mathew v Mathew*, 137 AD3d at 1087; *Sganga v Sganga*, 95 AD3d at 873; *Diaz v Diaz*, 71 AD3d at 948).

The defendant's remaining contention, that the Supreme Court erred in denying that branch of his motion which was to vacate certain portions of the decision dated March 31, 2014, is not reviewable by this Court, since no appeal lies from an order denying a motion to vacate a decision (*see Matter of Colonial Penn Ins. Co. v Culley*, 144 AD2d 363 [1988]). Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.