Appeal by the plaintiff from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered May 25, 2016. The order, insofar as appealed from, granted that branch of the defendant’s motion which was pursuant to CPLR 5015 (a) (1) to vacate so much of a judgment of divorce of that court entered October 2, 2013, as, upon her failure to answer the complaint and appear at an inquest, determined issues of equitable distribution.
 

 Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the defendant’s motion which was pursuant to CPLR 5015 (a) (1) to vacate so much of the judgment of divorce as determined issues of equitable distribution is denied.
 

 In December 2010, the plaintiff commenced this action for a divorce and ancillary relief, and the defendant failed to answer the complaint. On July 11, 2013, the Supreme Court conducted an inquest, at which the defendant failed to appear. A judgment of divorce was entered on October 2, 2013, and served on the defendant on November 5, 2013. In February 2016, the defendant moved pursuant to CPLR 5015 (a) (1) to vacate the judgment of divorce and to restore the matter to the trial calendar for a determination of ancillary relief. The court granted that branch of the motion which was to vacate so much of the judgment of divorce as determined issues of equitable distribution. The plaintiff appeals.
 

 “Although the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense” (Farhadi v Qureshi, 105 AD3d 990, 991 [2013]; see Capurso v Capurso, 134 AD3d 974, 975-976 [2015]; Sganga v Sganga, 95 AD3d 872, 872-873 [2012]). CPLR 5015 (a) (1) provides that the motion must be made “within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party” (see Sussman v Jo-Sta Realty Corp., 99 AD3d 787, 788 [2012]).
 

 Here, the defendant’s motion was untimely since it was not made within one year after a copy of the judgment of divorce was served upon her with notice of its entry (see Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 760 [2013]). While “ ‘[t]he Supreme Court has the inherent authority to vacate [the] judgment in the interest of justice, even where the statutory one-year period under CPLR 5015 (a) (1) has expired’ ” (Goldenberg v Goldenberg, 123 AJD3d 761, 761-762 [2014], quoting State of New York v Kama, 267 AD2d 225, 225 [1999]), here, the defendant failed to submit any evidence to support her claim that she was unable to participate in the action due to mental and physical illness and therefore failed to demonstrate a reasonable excuse for the delay (see Mathew v Mathew, 137 AD3d 1086 [2016]; Wimmershoff v Ahuactzin, 123 AD3d 1021, 1022 [2014]; Sganga v Sganga, 95 AD3d at 872-873; Cuzzo v Cuzzo, 65 AD3d 1274 [2009]; Atwater u Mace, 39 AD3d 573 [2007]). While the defendant submitted some documentation of her medical and mental condition in her reply papers, a movant may not meet his or her burden on a motion by submitting evidence in reply (see Pinos v Clinton Cafe & Deli, Inc., 139 AD3d 1034 [2016]; Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d 524 [2012]; Tingling v C.I.N.H.R., Inc., 74 AD3d 954 [2010]). In any event, the documents submitted were insufficient to demonstrate that the defendant was unable to participate in the action. Accordingly, the Supreme Court should have denied that branch of the defendant’s motion which was to vacate so much of the judgment of divorce as determined issues of equitable distribution.
 

 Dillon, J.P., Bar-ros, Connolly and Iannacci, JJ., concur.