Merlino v Merlino (2019 NY Slip Op 02700)





Merlino v Merlino


2019 NY Slip Op 02700


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-12317
 (Index No. 50035/14)

[*1]Barbara Merlino, respondent,
v
Rudolph Merlino, appellant.


Arnold E. DiJoseph, P.C., New York, NY (Arnold E. DiJoseph III of counsel), for appellant.
Claire Cody Miller, Staten Island, NY (Hasapidis Law Offices [Annette G. Hasapidis] of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated October 10, 2017. The judgment of divorce, upon the defendant's failure to appear for a scheduled conference and for a trial, upon a decision of the same court dated March 21, 2017, made after an inquest, and upon an order of the same court dated September 25, 2017, in effect, made upon reargument, adhering to a prior determination denying the defendant's motion pursuant to CPLR 5015(a)(1) to vacate his default, inter alia, equitably distributed the marital property and awarded the plaintiff counsel fees.
ORDERED that the appeal from the judgment of divorce is dismissed (see CPLR 5511), except insofar as it brings up for review so much of the order dated September 25, 2017, as, in effect, upon reargument, adhered to a prior determination denying the defendant's motion to vacate his default (see James v Powell, 19 NY2d 249, 256 n 3); and it is further,
ORDERED that the judgment of divorce is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action for a divorce and ancillary relief in January 2014. Prior to the completion of discovery, the defendant consented to his attorney's motion to be relieved as counsel and chose to proceed pro se. As a result of the defendant's willful failure to comply with disclosure orders, the Supreme Court, in an order dated June 6, 2016, precluded him from offering at trial any financial evidence and directed that all issues relevant to the marital residence and two other parcels of real property involved in the litigation would be resolved in favor of the plaintiff unless the defendant paid 50% of the appraisal fee for the realty as previously ordered by the court. It is undisputed that the defendant failed to make the directed payment.
On July 25, 2016, after the defendant failed to appear for a pretrial conference, the Supreme Court found him in default and proceeded to an inquest. At the conclusion of the inquest, the court reserved decision on all ancillary economic issues pending the receipt of the plaintiff's posttrial summation. The defendant then retained new counsel and moved to vacate his default in failing to appear at the pretrial conference. In his affirmation in support, the defendant's attorney claimed that the defendant had been ill and had gone to the hospital on the date of the pretrial conference, and that he should now be allowed to present evidence to establish the alleged disparity in the parties' respective incomes and to assert that the real property was his separate property. In an order dated November 15, 2016, the court denied the defendant's motion finding, inter alia, that even if he had demonstrated a reasonable excuse for his default, he had failed to establish the existence of a potentially meritorious defense, as he already had been precluded from offering financial information at trial and an adverse inference had been drawn against him with regard to any contested issues pertaining to the real property.
Following the issuance of the Supreme Court's decision after inquest, but prior to the entry of final judgment, the defendant moved, in effect, for leave to reargue his prior motion to vacate his default. In an order dated September 25, 2017, the court effectively granted reargument and adhered to its prior determination. A judgment of divorce was issued on October 10, 2017, inter alia, awarding the plaintiff child support in the sum of $1,793 per month, ownership of the marital residence, possession of the limited funds remaining in certain accounts, and counsel fees in the sum of $12,295, representing 50% of the counsel fees incurred by the plaintiff. The defendant was awarded ownership of the two other parcels of real property, as well as all jewelry and artwork therein. Each party retained their separately titled vehicles and retirement accounts. The defendant appeals.
While no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511), an appeal from such a judgment brings up for review " those matters which were the subject of contest before the Supreme Court'" (Bottini v Bottini, 164 AD3d 556, 558, quoting Sarlo-Pinzur v Pinzur, 59 AD3d 607, 607-608). Here, the issue of whether the defendant's default should be vacated was the subject of contest in the Supreme Court and, thus, may be reviewed on appeal (see Yi Jing Tan v Liang, 160 AD3d 786, 787).
"Although this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon defendant to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense" (Dervisevic v Dervisevic, 89 AD3d 785, 786; see McNamara v McNamara, 144 AD3d 1112, 1112; Celesia v Celesia, 136 AD3d 854, 855; Farhadi v Qureshi, 105 AD3d 990, 991). A motion to vacate a default is addressed to the trial court's sound discretion (see Simak v Simak, 121 AD3d 1090, 1090-1091; Vujanic v Petrovic, 103 AD3d 791, 792). Here, given the previous evidentiary rulings by the Supreme Court, the defendant failed to demonstrate that he possessed a potentially meritorious defense with regard to the ancillary issues of equitable distribution and counsel fees (see Shea v Miller, 159 AD3d 974, 975; Ashley v Ashley, 139 AD3d 650, 651). Accordingly, the court providently exercised its discretion, upon reargument, in adhering to its prior determination denying the defendant's motion to vacate his default.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court