Ward v Ward (2019 NY Slip Op 03651)





Ward v Ward


2019 NY Slip Op 03651


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-02300
 (Index No. 3673/14)

[*1]Stephen Ward, respondent,
v
April Leithleiter Ward, appellant.


Steven H. Klein & Associates, P.C., Poughkeepsie, NY (Cindy Sanchez of counsel), for appellant.
Christopher Riley, White Plains, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated January 26, 2017. The order, insofar as appealed from, denied the defendant's cross motion pursuant to CPLR 5015(a)(1) to vacate a judgment of divorce dated July 20, 2016, entered upon her default in appearing at an inquest.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in October 2007, when the plaintiff was 53 years old and the defendant was 42 years old. There were no children born of the marriage. In May 2014, the plaintiff commenced the instant action for a divorce and ancillary relief. In 2015, the defendant's counsel moved to be relieved, citing the defendant's failure to respond to his communications and to provide him with discovery documents. The defendant, proceeding pro se, subsequently failed to comply with discovery orders, and failed to appear for depositions and conferences. Eventually, preclusion and sanctions were directed against her. Thereafter, the defendant's answer and counterclaim were stricken, on motion by the plaintiff, and the court directed an inquest. The defendant failed to appear at the inquest. The Supreme Court heard testimony and received evidence regarding the equitable distribution of marital property and a judgment of divorce was entered upon the defendant's default.
The defendant subsequently cross-moved pursuant to CPLR 5015(a)(1) to vacate the judgment of divorce entered upon her default. That cross motion was denied by the Supreme Court, and the defendant appeals. We affirm, but on a ground different from that relied upon by the Supreme Court.
"Although the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant seeking to vacate a default judgment pursuant to CPLR 5015(a)(1) to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense" (Farhadi v Qureshi, 105 AD3d 990, 991; see Dankenbrink v Dankenbrink, 154 AD3d 809).
Here, the defendant failed to establish a reasonable excuse for her default in appearing at the inquest. The defendant's medical evidence was not in admissible form (see CPLR 4518). In any event, under the circumstances of this case—in which the defendant had already been precluded from maintaining claims for maintenance and counsel fees, from claiming to be the nonmonied spouse, and from presenting any financial evidence at trial—her conclusory affidavit in support of her motion to vacate failed to demonstrate a potentially meritorious defense to the issues of equitable distribution determined by the Supreme Court upon her default (see Farhadi v Qureshi, 105 AD3d at 991; Atwater v Mace, 39 AD3d 573, 575).
The defendant's remaining contentions are either without merit or not properly before this Court.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court