NYCTL 2009-A Trust v Advance Realty of NYS, LLC (2019 NY Slip Op 08682)





NYCTL 2009-A Trust v Advance Realty of NYS, LLC


2019 NY Slip Op 08682


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-04941
 (Index No. 7165/10)

[*1]NYCTL 2009-A Trust, et al., plaintiffs, 
v
Advance Realty of NYS, LLC, et al., defendants, Robert Y. Shasha, as executor of the estate of Alfred Shasha, deceased, appellant; Queens Organization, LLC, claimant-respondent.


William L. Barish, Bedford, NY, for appellant.



DECISION & ORDER
In an action to foreclose a tax lien, the defendant Robert Y. Shasha, as executor of the estate of Alfred Shasha, deceased, appeals from an order of the Supreme Court, Queens County (David Elliot, J.), entered December 17, 2014. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court entered September 17, 2014, granting that branch of the unopposed motion of the claimant Queens Organization, LLC, which was to confirm the report of a Referee and direct the distribution of surplus funds, and thereupon to deny that branch of the motion.
ORDERED that the order entered December 17, 2014, is affirmed insofar as appealed from, without costs or disbursements.
In this action to foreclose a tax lien, in which the subject property was sold pursuant to a judgment of foreclosure and sale, the dispute between the appellant, Robert Y. Shasha, as executor of the estate of Alfred Shasha, deceased (hereinafter the Estate), and the respondent, Queens Organization, LLC (hereinafter the LLC), centers around the distribution of the surplus funds, which were deposited with the Queens County Clerk on December 20, 2011. After the LLC, as assignee of the property's former owner, claimed title to the surplus funds, the Supreme Court appointed a Referee to ascertain and report the amount due to the LLC, or any other person possessing a lien on the surplus funds, and to ascertain the priority of the several liens.
Following a hearing in which the Estate's attorney participated and presented evidence, the Referee issued a report on surplus funds, dated July 2, 2014, in which the Referee concluded, inter alia, that the LLC had established its entitlement to the surplus money, that its lien had priority over any other liens, and that, accordingly, the balance of surplus funds remaining after payment of the Referee's fees, costs, and disbursements should be paid to the LLC. In an order entered September 17, 2014, the Supreme Court, after making a minor correction in the Referee's report, granted that branch of the LLC's unopposed motion which was to confirm the Referee's report and direct the distribution of the surplus funds. The Estate subsequently moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order entered September 17, 2014, maintaining that its default was excusable and the Referee's determination was erroneous. In an order entered December 17, 2014, the court denied that branch of the Estate's motion, and the Estate appeals.
A party seeking to vacate an order entered upon its failure to oppose a motion is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (see Kondrota-Williams v Westbridge Enters., Inc., 170 AD3d 983, 985; see also CPLR 5015[a][1]; Soto v Chelsea W26, LLC, 166 AD3d 1048, 1049; Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284). The determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court (see Kondrotas-Williams v Westbridge Enters., Inc., 170 AD3d at 985; Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252).
Here, in support of the Estate's motion, the Estate's counsel proffered the excuse that he was "on vacation when the motion arrived and returned a few days before the return date." The Estate's counsel stated that he attempted to contact opposing counsel to request an adjournment but received no response, and that he intended to appear at the calendar call for the motion and seek an adjournment but "had car problems" on his way to court "and spent the afternoon at A & A Auto Clinic in White Plains." Counsel's failure to contact the Supreme Court prior to the return date, or on the day of the calendar call, remained unexplained, as did his failure to advise the court of his inability to appear and to request an adjournment (see Kondrotas-Williams v Westbridge Enters., Inc., 170 AD3d at 986). Thus, the explanation provided by counsel was insufficient, and the court providently exercised its discretion in finding that the Estate failed to demonstrate a reasonable excuse for its default. In light of the Estate's failure to demonstrate a reasonable excuse, we need not reach the issue of whether the Estate demonstrated the existence of a potentially meritorious defense (see Bernstein v Geiss, 111 AD3d 774, 775).
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court