Murray v Giovannello (2022 NY Slip Op 04812)

Murray v Giovannello

2022 NY Slip Op 04812

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-06759
 (Index No. 200287/16)

[*1]John Murray, respondent,
v
Gabrielle Giovannello, appellant.

Law Offices of Michael J. Langer, P.C., Mineola, NY, for appellant.
Tabat, Cohen, Blum, Yovino & Diesa, P.C., Garden City, NY (Michael R. Gionesi of counsel), for respondent.

DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), dated April 10, 2019. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 5015(a)(1) to vacate the parties' judgment of divorce entered December 19, 2017, upon her default in appearing at an inquest.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2016, the plaintiff commenced the instant action for a divorce and ancillary relief. After a preliminary conference in which the parties agreed that the defendant would admit fault for the divorce, the defendant failed to appear at five subsequent conferences. The Supreme Court issued a written order advising the defendant that the matter would proceed to inquest due to her default. The defendant failed to appear at the inquest and, on December 19, 2017, the court entered a judgment of divorce upon her default. The judgment, inter alia, distributed the parties' assets and did not award any maintenance to the defendant.
In December 2018, the defendant moved by order to show cause to vacate the judgment of divorce, claiming that she failed to appear at the conferences and the inquest due to a bout with depression and mental illness, that the equitable distribution was unfair, and that she was entitled to an award of maintenance. The Supreme Court denied the motion, and the defendant appeals.
"Although this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon defendant to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense" (Merlino v Merlino, 171 AD3d 911, 913; Dervisevic v Dervisevic, 89 AD3d 785, 786). "A motion to vacate a default is addressed to the trial court's sound discretion" (Merlino v Merlino, 171 AD3d at 913; Simak v Simak, 121 AD3d 1090, 1090-1091). Here, the Supreme Court providently exercised its discretion in denying the defendant's motion to vacate her default, as she failed to present a reasonable excuse for her default. In this regard, the defendant failed to adequately substantiate her excuse that she became depressed and disillusioned, that she "withdrew from everything," "effectively became a hermit," and, therefore, did not appear at the scheduled court conferences (see McNamara v [*2]McNamara, 144 AD3d 1112, 1112; Capurso v Capurso, 134 AD3d 974, 976; Simak v Simak, 121 AD3d at 1091). Since the defendant failed to demonstrate a reasonable excuse for her default, we need not determine whether she had a potentially meritorious position regarding the distribution of assets or award of maintenance (see Mathew v Mathew, 137 AD3d 1086, 1087).
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court