Gallousis v Gallousis (2023 NY Slip Op 04111)

Gallousis v Gallousis

2023 NY Slip Op 04111

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-01227
 (Index No. 1664/11)

[*1]Christopher Gallousis, appellant,
v
Sarah M. Gallousis, respondent.

Fabricant Lipman & Frishberg, PLLC, Goshen, NY (Neal D. Frishberg of counsel), for appellant.

DECISION & ORDER
In a matrimonial action in which the parties were separated by judgment dated July 1, 2016, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated January 23, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to vacate an order of the same court dated March 3, 2016.
ORDERED that the order dated January 23, 2020, is affirmed insofar as appealed from, without costs or disbursements.
In this matrimonial action, the Supreme Court imputed an annual income of $350,000 to the plaintiff and determined that he had access to over $26 million worth of property, based upon the plaintiff's net worth statement and a Schedule D listing on his 2009 tax return, upon his failure to appear at inquest. In an order dated March 3, 2016, the court awarded the defendant $6,000 per month in maintenance and $3,934.66 per month in child support.
Over three years later, in April 2019, the plaintiff moved, inter alia, to vacate the order dated March 3, 2016, and the court denied that branch of his motion. The plaintiff appeals.
"Although the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant seeking to vacate a default judgment pursuant to CPLR 5015(a)(1) to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense" (Farhadi v Qureshi, 105 AD3d 990, 991). Here, the plaintiff failed to demonstrate a reasonable excuse for his default, as his allegations that his counsel failed to inform him of, among other things, the inquest and the subsequent order, were vague, conclusory, and unsubstantiated (see CEO Bus. Brokers, Inc. v Alqabili, 105 AD3d 989, 990). The plaintiff also failed to meet his burden of establishing fraud, misrepresentation, or other misconduct on the part of the defendant which could justify vacatur of the order pursuant to CPLR 5015(a)(3) (see Celesia v Celesia, 136 AD3d 854, 855). Moreover, the plaintiff failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would constitute a basis for vacating the order in the interests of substantial justice (see Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1675).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to vacate the order dated March 3, 2016.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court