Pierre v Weir (2025 NY Slip Op 02231)

Pierre v Weir

2025 NY Slip Op 02231

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-05061
2023-07440
2023-07441
 (Index No. 800742/21)

[*1]Joyce Pierre, respondent,
v
Nicholas Damion Weir, appellant.

Nicholas Damion Weir, East Meadow, NY, appellant pro se.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), entered May 3, 2023, (2) findings of fact and conclusions of law of the same court entered June 7, 2023, and (3) a judgment of divorce of the same court entered June 7, 2023. The order entered May 3, 2023, denied the defendant's motion, inter alia, in effect, to vacate an order of the same court entered December 20, 2022, made after an inquest, awarding the plaintiff certain relief upon the defendant's failure to appear at trial. The judgment of divorce, upon the orders entered December 20, 2022, and May 3, 2023, and upon the findings of fact and conclusions of law entered June 7, 2023, granted the plaintiff's application to dissolve the marriage by reason of the irretrievable breakdown of the relationship for a period of six months pursuant to Domestic Relations Law § 170(7) and directed the defendant to remove the plaintiff's name from a mortgage on certain property located in Pennsylvania.
ORDERED that the appeals from the order entered May 3, 2023, and the findings of fact and conclusions of law are dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment of divorce is affirmed, without costs or disbursements.
The parties were married in 2013 and there are no children of the marriage. The plaintiff commenced this action for a divorce and ancillary relief. The defendant interposed an answer with counterclaims. After the defendant failed to appear at trial on December 20, 2022, the Supreme Court conducted an inquest. Following the inquest, the court awarded the plaintiff a divorce pursuant to Domestic Relations Law § 170(7). In an order entered December 20, 2022, made after the inquest, the court, inter alia, directed the defendant to remove the plaintiff's name from a mortgage on property located in Pennsylvania where the defendant resided. The defendant moved, among other things, in effect, to vacate the order entered December 20, 2022. In an order entered May 3, 2023, the court denied the motion and subsequently entered a judgment of divorce. The defendant appeals.
The appeal from the findings of fact and conclusions of law must be dismissed because no appeal lies from findings of fact and conclusions of law (see McCormack v McCormack, 163 AD3d 552, 552).
The appeal from the order entered May 3, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]).
The court which rendered a judgment or order may relieve a party from it upon such terms as may be just upon the ground of excusable default (see id. § 5015[a][1]). "A party seeking to vacate an order entered upon his or her default is required to demonstrate a reasonable excuse for the default and the existence of a potentially meritorious cause of action or defense" (Matter of Williams v Worthington, 194 AD3d 825, 826 [internal quotation marks omitted]; see Thomas v Avalon Gardens Rehabilitation & Health Care Ctr., 107 AD3d 694, 694). Although this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon the moving party to make the requisite showing (see Murray v Giovannello, 208 AD3d 499, 500; Merlino v Merlino, 171 AD3d 911, 913). "A motion to vacate a default is addressed to the sound discretion of the court" (Matter of Block-Iaconetti v Iaconetti, 176 AD3d 1051, 1053 [internal quotation marks omitted]; see Vujanic v Petrovic, 103 AD3d 791, 792).
Here, the Supreme Court providently exercised its discretion in denying the defendant's motion, inter alia, in effect, to vacate the order entered December 20, 2022, made after the inquest. The defendant, who continuously sought to prolong the action, was aware of the trial date, requested an adjournment the day before the scheduled date, and was clearly informed that he was required to appear, and if he did not, an inquest might be held in his absence. Moreover, the defendant, who resided in Pennsylvania, failed to adequately substantiate his assertion that he could not appear on the scheduled date because he was out of state (see Murray v Giovannello, 208 AD3d at 500; McNamara v McNamara, 144 AD3d 1112, 1112). Since the defendant failed to demonstrate a reasonable excuse for his default in appearing in court on the scheduled trial date, this Court need not determine whether he had a potentially meritorious cause of action or defense (see Murray v Giovannello, 208 AD3d at 500; Mathew v Mathew, 137 AD3d 1086, 1087).
The defendant also failed to meet his burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff, which could warrant vacatur of the order entered December 20, 2022, pursuant to CPLR 5015(a)(3) (see Farhadi v Qureshi, 105 AD3d 990, 991; Scheu v Fan Ru Tseng, 72 AD3d 930, 930).
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court