Gootnick v Gootnick (2025 NY Slip Op 04882)

Gootnick v Gootnick

2025 NY Slip Op 04882

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-09477
 (Index No. 707922/23)

[*1]Saul Gootnick, respondent, 
v
Cheryl Susan Gootnick, appellant.

Hedayati Law Group, P.C., Garden City, NY (Herbert A. Smith, Jr., of counsel), for appellant.
Van Horn & Friedman, P.C., Westbury, NY (Meredith Friedman of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Maria L. Bradley, Ct. Atty. Ref.), entered August 22, 2023. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 5015(a) to vacate a judgment of divorce entered April 13, 2016, upon her default.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in 1978. In November 2014, the plaintiff commenced this action for a divorce and ancillary relief. After the plaintiff served the defendant by publication, with leave of the Supreme Court, the defendant failed to answer the complaint. Subsequently, a judgment of divorce was entered on April 13, 2016, upon the defendant's default. In March 2023, the defendant moved pursuant to CPLR 5015(a) to vacate the judgment of divorce. By order entered August 22, 2023, the court, inter alia, denied the defendant's motion. The defendant appeals.
"'Although the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant seeking to vacate a default judgment pursuant to CPLR 5015(a)(1) to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense'" (Gallousis v Gallousis, 219 AD3d 466, 466, quoting Farhadi v Qureshi, 105 AD3d 990, 991). The determination of what constitutes a reasonable excuse lies within the discretion of the motion court (see Simpson v Clough, 232 AD3d 645, 646; Wookey v Toth, 230 AD3d 1192, 1193). "In determining whether a reasonable excuse has been shown, a court should consider all the relevant factors, including the extent of the delay, prejudice to the opposing party, whether the default was willful, and the strong public policy in favor of resolving cases on the merits" (American Cancer Socy., Inc. v Ashby, 228 AD3d 805, 806 [internal quotation marks omitted]; see Wookey v Toth, 230 AD3d at 1193).
Here, the defendant failed to proffer a reasonable excuse for the more than six-year delay in moving to vacate the judgment of divorce and instead offered conclusory and unsubstantiated reasons that do not constitute a reasonable excuse (see Gallousis v Gallousis, 219 AD3d at 467; Nanas v Govas, 176 AD3d 956, 957). Since the defendant failed to proffer a [*2]reasonable excuse, this Court need not consider whether she demonstrated a potentially meritorious defense (see Simpson v Clough, 232 AD3d at 646).
Accordingly, the Supreme Court providently denied the defendant's motion pursuant to CPLR 5015(a) to vacate the judgment of divorce.
The defendant's remaining contentions are not preserved for appellate review.
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court